# 𝖂𝖍𝖊𝖊𝖑𝖎𝖓𝖌.

### JACKSON, WIANT & CO. *v.* CONRAD *et al.*

(ABSENT HAYMOND, JUDGE.)

Decided December 21, 1878.

*1878 Special Term.* A paper-writing purporting to be "an abstract from a justice's docket," certified to as follows: "A true abstract from docket in my possession," signed, "A. J. Kirkpatrick, ——— of the peace. HELD:

That it is not such a certificate as the statute, chap. 226, ⸹135, Acts 1872-3, required, in order to make a transcript of a justice's judgment evidence. *Quære*: Whether this paper-writing, if properly authenticated, would be such a transcript of the judgment as the said statute requires?

*Supersedeas* to a judgment of the circuit court of Gilmer county, rendered on the 16th day of March, 1877, affirming a judgment ·of the county court of said county rendered on the 12th day of August, 1875, in an action of debt in said court then pending, wherein Jackson, Wiant & Co. were plaintiffs and C. B. Conrad and others were defendants, allowed on the petition of said defendants.

Hon. John Brannon, judge of the sixth judicial circuit, rendered the judgment complained of.

The facts of the case fully appear in the opinion of the Court.

*J. M. Bennett*, for plaintiffs in error, cited the following authorities:

Acts 1872-3, ch. 226, §133; 7 W. Va. 413.

*Henry Brannon*, for defendants in error, cited the following authorities:

Stephens Plead. 378; 1 Chitty Plead. 553; 5 Rob. Prac. 307, 352, §3; *Id.* ch. 6, §2; *Id.* 39; *Id.* 42; *Id.* 44, 45, 48; 3 Chitty Plead. 903; Code, ch. 125, §47; 5 Rob. Prac. 196, §1; *Id.* 200, §4; 2 Stark. 587; 1 Stark. s. p. 270, 273; Acts 1863, ch. 122, §19; Code, ch. 50, §8; 9 Leigh 131; 10 Gratt. 379; 7 W. Va. 390; Code, ch. 130, §5; Acts 1872-3, ch. 226, §135.

MOORE, JUDGE, delivered the opinion of the Court:

The plaintiffs instituted an action of debt, in the county court of Gilmer county, against the defendants, for the use of William T. Wiant, purporting to be based upon a judgment rendered September 28, 1867, by one Thomas R. Floyd, then a justice of Glenville township in said county. To the declaration the defendants demurred, and pleaded *nul tiel record* and payment, to which pleas plaintiffs replied generally, and issue was thereon joined. The' defendants also tendered four special pleas, to the filing of which the plaintiffs objected.

The court overruled the demurrer, and sustained the objection to the filing of the four special pleas, and refused to let them be filed. The parties not requiring a jury submitted the whole matter of law and fact to the court; and on August 12, 1875, judgment was given for plaintiffs against defendants for $202.26, with interest thereon from the 9th day of August, 1875, until paid, and costs.

The defendants had the court to sign two bills of exceptions to the rulings and judgment of the court. The first bill of exceptions sets out the four special pleas, which the court had refused to let the defendants file; and the second bill of exceptions shows, that upon the

the trial of the cause "the plaintiffs offered in evidence a paper-writing, purporting to be an abstract from the justice's docket of the judgment in the declaration mentioned, which paper-writing is in the words and figures following, to wit:

"JACKSON, WIANT & CO.
              v.
C. B. CONRAD, LEMUEL STUMP AND WM.
H. SNIDER, securities of Ezekiel T. Stout,
late Sheriff of Gilmer County.

"Judgment rendered by Thomas R. Floyd, justice of Glenville township, Gilmer county, on the 28th day of September, 1867, in favor of the plaintiffs against the defendants, for the sum or $59.22, with interest at the rate of fifteen *per centum per annum* on $23.21, part thereof, from the 16th day of August, 1859, and like interest on $30.20, another part thereof, from the 24th day of September, 1859, and like interest on $5.81, another part and the residue thereof, from the 29th day of December, 1859, until paid, and costs $1.90.

"A true abstract from docket in my possession.

                                    "A. J. KIRKPATRICK,
"May 30, 1874.                         *Of the Peace.*"

To the introduction of which the defendants objected, and the court overruled the objection and permitted the same to be read in evidence. And said abstract was all the evidence offered by the plaintiffs upon the trial.

Conrad, Stump and Snider petitioned for and obtained from the Judge of the sixth circuit a *supersedeas* to said judgment of the county court; and at a circuit court of Gilmer county, on the 16th day of March, 1877, said court, acting on said *supersedeas*, adjudged that there was no error in said judgment of the county court, and affirmed the same; and retaining the cause therein, gave judgment against the petitioners for $202.26, with interest thereon from August 9, 1875, to October 27, 1875, and $13.05 the costs in the county court, with damages on the sum of $218.26, the aggregate of principal, interest and costs, on the 27th day of October, 1875, the time

when the *supersedeas* took effect, at the rate of *six per centum per annum* from October 27, 1875, until paid, which said damages to be in satisfaction of all interest after October 27, 1875; and gave also costs against petitioners in the circuit court.

The case now reaches this Court upon a *supersedeas* to said judgment of the circuit court. The view we take of this case does not necessitate the consideration of more than one point raised in the assignment of errors and the arguments, and that is, as to the admission of the "abstract" of the judgment from the justice's docket.

Section 135, chap. 226, Acts 1872-3, declares: "Whenever it is necessary to prove a judgment or other proceeding had before a justice, or any process issued by him, or the return thereof, or any order made by him in a suit, the docket in which it is entered, or a transcript thereof certified by him or his successor in office or the person lawfully having the custody of such docket, shall be evidence of the same, but shall not be conclusive, if errors or omissions be shown."

It is therefore plain, that if the plaintiffs intended to prove a judgment had before Thomas R. Floyd, a justice of Glenville township, as alleged in his declaration, the statute required him to introduce as evidence of the same, either the justice's docket in which it was entered, or a *transcript* thereof, which transcript must be certified either by the justice himself, or his successor in office, or by the person lawfully having the custody of such docket.

The certificate in this instance does not comply with the statute. It is not the certificate of the justice of the peace who rendered the judgment; it does not purport to be that of his successor in office; nor does it appear to be by the person *lawfully* having the custody of the docket. Whilst it may be true, that Kirkpatrick was in fact a justice of the peace, and the title *justice* was accidentally omitted, when penning his signature, and although the courts are very liberal in viewing the official proceedings and acts of justices, never holding them to the strict for-

67

malities of other courts, yet it would be unwarranted to hold that where a justice fails to sign in his official character, even by accident, that it was nevertheless his official signature. But in this instance, even had the title *justice*, not been omitted, still it would be insufficient, inasmuch as there is nothing to show that he was successor to the justice who rendered the judgment; and if signed by him simply as a possessor of the docket, it still fails to show that he was *lawfully* in possession of the docket.

Again, the statutes require a *transcript*, not an *abstract*. This purports to be an *abstract*; and it is at least questionable, whether it should be considered a transcript. The judges all concur in these views; but they differ as to the judgment which should be entered by this court. Two of them are of opinion, that the judgment of the circuit court should be set aside and annulled, and a judgment entered by this court for the defendant. One of the judges is of opinion, that the judgment of the circuit court should be set aside and annulled, and the cause remanded for a new trial.

JUDGMENT REVERSED AND JUDGMENT FOR DEFENDANTS.