# CHARLESTON.

BILLINGSLEY *v.* MENEAR.

Submitted February 2, 1898—Decided April 9, 1898.

1. FRAUDULENT CONVEYANCE—*Actions—Parties—Grantor.*
    Neither the grantor nor his assignee of the purchase money secured therein can maintain a suit to set aside a deed as made with intent to delay, hinder, and defraud the creditors of the grantee or others. (p. 657).

2. FRAUDULENT CONVEYANCE—*Equity Pleading—Demurrer.*
    Where a conveyance is attacked for fraud, the facts alleged must be sufficient to sustain such allegation, or the bill will be demurrable. (p. 658).

3. EQUITY PLEADING—*Husband and Wife—Fraud.*
    A bill which seeks to subject improvements put on a wife's property by a husband, in fraud of his creditors, must allege sufficient facts to show the existence of such fraud, or it will be demurrable. (p. 658).

4. EQUITY PLEADING—*Demurrer—Decree—Reversal.*
    When a bill contains sufficient allegations for one character of relief sought, and insufficient for others, and the circuit court overrules a demurrer thereto, and grants relief to the full extent of the prayer of such bill, this Court will reverse the decrees entered, sustain the demurrer in part, and remand the cause, with leave to the plaintiff to amend. (p. 658).

Appeal from Circuit Court, Marion County.

Suit by Morgan Billingsley against A. R. Menear and others. From a decree for plaintiff, defendant Fannie Menear appeals.

*Reversed.*

HAYMOND, BUTCHER & HARTLEY, for appellant.

JAMES A. HAGGERTY, for appellee.

DENT, JUDGE:

On the 10th day of July, 1896, the circuit court of Marion county, at the suit of Morgan Billingsley, by decree declared null and void a certain deed executed by B. A. Fleming to Fannie Menear, as to certain debts of A. R. Menear, husband of the grantee. She appeals, and, among other errors, relies on her demurrer to the amended bill filed by plaintiff, and on which the relief was granted, and which is in words and figures as follows, to wit: "To the Honorable J. M. Hagans, Judge of the Circuit Court of Marion County, West Virginia: Humbly complaining, showeth unto your honor your orator, Morgan Billingsley, that your orator is a citizen of said county; that some time prior to the 22d day of November, 1890, one Asberry R. Menear, of said county, became and was indebted to the firm of Cunningham & Tennant for merchandise in the sum of $76.56, and the said debt so continued until the said 22d day of November, 1890, when Robert Davis, as trustee for the said firm of Cunningham & Tennant, obtained a judgment for the amount of the said debt, together with legal interest thereon until paid, and the costs of the proceedings to recover said judgment, which costs amounted to the sum of $3.65; that the aforesaid judgment was rendered by R. L. Phillips, then a justice of the peace in and for said county; that on the 27th day of February, 1891, an execution was issued upon said judgment, which was placed in the hands of R. E. Morgan, a constable of said county, who, on the 5th day of May, 1891, returned the same to the said justice, with the indorsement thereon made, 'Execution returned no property found, May 5th, 1891. R. E. Morgan, C. M. C.' A transcript of said judgment and a copy of said execution has been heretofore filed in this cause, marked Exhibits 'A' and 'B,' and prayed to be taken, read, and considered as a part of this bill. Your orator would further show that the said firm of Cunningham & Tennant and Robert Davis, as trustee for said firm, by Harry G. Linn, Esq., their

attorney, on the 9th day of May, 1893, sold and assigned the aforesaid judgment to your orator for a valuable consideration, and the same is now held and owned by him, to whom the same, together with interest thereon, is due, owing, and unpaid. Your orator would further show that on the 22d day of March, 1890, the said Asberry R. Menear, who was then indebted to Elmus Hamilton in the sum of $100, made and executed his note to said Hamilton for said sum of $100, payable on or before the 1st day of April, 1891, which note was, on the 15th day of December, 1890, sold and assigned to your orator by said Elmus Hamilton for a valuable consideration, and the same is now owned and held by your orator, to whom the amount thereof is due, owing, and unpaid. A copy of said note, with the assignment thereon, has heretofore been filed with the papers in this cause, marked 'Exhibit C,' and prayed to be taken, read, and considered as a part of this bill. Your orator would further show that on the 20th day of June, 1890, the said Asberry R. Menear made and executed his note to the First National Bank of Fairmont, West Virginia, for the sum of $500, payable in six months from the said date, upon which note T. B. Carpenter and C. B. Carney were sureties; that on the first day of December, 1890, your orator, at the instance and request of the said Asberry R. Menear, paid off the said note to the said bank, and lifted the same, and said note is now owned and held by your orator, to whom the amount thereof, together with the interest thereon, is now due, owing, and unpaid. A copy of the said note has been heretofore filed in th papers of this cause, marked 'Exhibit D,' and the same is prayed to be taken, read, and considered as a part of this bill. Your orator would further show that on the 4th day of March, 1889, the said Asberry R. Menear, being then indebted to the firm of Dunnington & Co. in the sum of $36, made and executed his negotiable note to said firm for said sum, payable in ninety days from the said date thereof; that some time thereafter your orator, at the instance and request of the said Asberry R. Menear, paid off said note to the said firm of Dunnington & Co., and lifted the same, which he now owns and holds, and the said amount thereof, together with interest thereon, is

now due, owing, and unpaid to your orator. A copy of said note has been heretofore filed in this cause, and is prayed to be taken, read, and considered as a part of this bill. Your orator would further show that on the 23d day of October, 1889, the said Asberry R. Menear, being then indebted to one J. W. Radabaugh in the sum of $13.34, made and executed his note to said Radabaugh for said sum, payable one day after the date thereof; that some time thereafter your orator, at the instance and request of said Asberry R. Menear, paid the said note to said Radabaugh, who indorsed the same to him, and the said note is now owned and held by your orator, to whom the amount thereof, together with interest thereon, is due, owing, and unpaid. A copy of said note, together with the indorsement thereon, has been heretofore filed in this cause, marked 'Exhibit F,' and the same is prayed to be taken, read, and considered as a part of this bill. Your orator would further show that on the 4th day of December, 1890, the said Asberry R. Menear contracted a debt with one C. F. Fleming for the sum of $90.60; and on the 15th day of December, 1890, your orator, at the instance and request of the said Asberry R. Menear, paid said debt to the said C. F. Fleming, and took an assignment thereof, and the said amount, together with interest thereon, is now due, owing, and unpaid from the said Asberry R. Menear to your orator. A copy of said account, together with the assignment thereon, has been heretofore filed in this cause, marked 'Exhibit G,' and the same is prayed to be taken, read, and considered as a part of this bill. Your orator would further show that the said Asberry R. Menear has no personal property out of which your orator can collect the aforesaid claims, or any part thereof; but your orator would show that at the time of the contracting of said debts, and each of them, the said Asberry R. Menear had some money, and was engaged in the business of plumbing, and working steady at his said business, making some money. Your orator would further show that on the 3d day of December, 1891, the said Asberry R. Menear purchased from Benjamin A. Fleming, a certain lot of ground, situate in the town of Fairmont, in said county, which is fully described in 'Exhibit H,' filed in this cause; that the

consideration for said lot of ground so purchased was $1,300, of which amount the said Asberry R. Menear paid cash to said Fleming the sum of $100, and caused the said lot of ground so purchased as aforesaid to be conveyed to Fannie Menear, who was and is the wife of the said Asberry R. Menear; that said Fannie Menear executed her three notes of $400 each to the said Fleming, for the balance of purchase money due for said lot, and a lien was retained in the deed executed by said Fleming to said Fannie Menear for said lot, to secure the payment of said deferred payments of purchase money due for the said lot; that said B. A. Fleming has since sold and assigned said three notes, executed by said Fannie Menear as aforesaid, to your orator, who now owns and holds the same, and to whom the amounts thereof, together with interest thereon, is due, owing, and unpaid; a copy of the said deed and of the said three purchase-money notes have been heretofore filed in this cause, marked Exhibits 'H,' 'I,' 'J,' and 'K,' and the same are prayed to be taken, read, and considered as a part of this bill. Your orator would further show that said Asberry R. Menear caused to be erected and constructed upon the lot of ground so purchased as aforesaid two frame dwelling houses and other outbuildings, and in the erection and construction thereof he contracted a debt of $205 with one Oliver J. Fleming, to whom and for which debt so contracted the said Fannie Menear executed her note to said Fleming, which note bears date the 17th day of August, 1892, and payable in six months from the said date, to further secure the payment of which the said Fannie Menear and the said Asberry R. Menear executed a deed of trust upon said property to F. T. Martin, trustee; that the said note of $205, executed as aforesaid, has since been sold and assigned by said Oliver J. Fleming to your orator, to whom the amount thereof, together with interest thereon, is now due, owing,—unpaid. A copy of the said deed of trust has heretofore been filed in this cause, marked 'Exhibit L,' and the same is prayed to be taken, read, and considered as a part of this bill. Your orator further avers and charges that all of said indebtedness before mentioned and described in the exhibits filed in this case was contracted by the said Asberry R. Menear prior to, and was in exist-

ence at the time of, the purchase by said Asberry R. Me-near of the aforesaid lot of ground. Your orator further avers and charges that the act of the said Asberry R. Menear in having the said lot of ground so conveyed to the said Fannie Menear was and is a fraud upon the rights of the creditors of the said Asberry R. Menear and especially upon the rights of your orator, and was so made and caused to be made with intent to hinder, delay, and defraud the creditors of the said Asberry R. Menear, and especially your orator; and that the said conveyance was received and accepted by said Fannie Menear with full knowledge of the facts and fraudulent intent of the said Asberry R. Menear, and the same was concurred and acquiesced in by her with like fraudulent intent and purpose. Your orater further avers and charges that the whole of the money which was paid for the purchase of the said lot of ground, and for the erection and construction of the said dwelling houses thereon, and for all the other improvements made thereon, was furnished by the said Asberry R. Menear, and not by the said Fannie Menear, his wife, to whom the same was conveyed. Your orator further avers and charges that, at the time of the purchase of the said lot of ground; the said Fannie Menear had no money or estate with which to make said purchase or the payments and improvements thereon; but, on the contrary, your orator avers that the money so paid was the money of the said Asberry R. Menear, and was made and furnished by him for such purpose, and that the said conveyance was so made to the said Fannie Menear for the purpose and with the intent to hinder, delay, and defraud the creditors of the said Asberry R. Menear, and especially your orator; and the same was received and accepted by said Fannie Menear with full knowledge of the fraudulent intent and purpose, and so received by her with like fraudulent intent. In tender consideration of the premises, your orator, being remediless save in a court of equity, respectfully prays that Asberry R. Menear, Fannie Menear, D. L. Cunningham and D. R. Tennant, who composed the late firm of Cunningham & Tennant, Robert Davis, trustee, Elmus Hamilton, the First National Bank of Fairmont, West Virginia, R. C. Dunnington and T. M. Fleming, who composed the firm

of Dunnington & Co., J. W. Radabaugh, C. F. Fleming, Benjamin A. Fleming, Oliver J. Fleming, and F. T. Martin, trustee, be made parties defendant to this bill, and that they and each of them be required to answer the same; that all proper orders may be made and decrees entered in said cause that shall be proper and right; and that, upon final hearing of this cause, it may be decreed that the said property hereinbefore described may be set aside and declared null and void as to the debts of the said Asberry R. Menear, and especially so as to the debts due to your orator; and that the said property may be sold to pay off and discharge said debts and the interest thereon, including the purchase-money liens and the costs of this suit; and that your orator may have all such other and further relief, both general and special, as the nature of his case requires or to equity may seem meet. And he, as in duty bound, will ever pray, &c., &c.    Morgan Billingsley, by Counsel, W. H. Martin, Atty. for Plff."

As will be seen by an inspection of the bill, Morgan Billingsley, as assignee of B. H. Fleming, grantor in the deed to Fannie Menear, attacks such deed as having been "made and caused to be made" with the intent to delay, hinder, and defraud the creditors of A. R. Menear, and especially the plaintiff. The grantor can take no advantage of or set up his own fraud to avoid his conveyance, nor can his assignee or any one claiming under him. Bump, Fraud. Conv. §§ 432, 433. Such conduct is contrary to both equity and morality, and infringes the rule that he who comes into equity must have clean hands and a conscience void of offense. Nor is it ordinarily proper to unite claims attacking a deed as fraudulent with a suit to enforce unpaid purchase money, for the reason that the claims are conflicting; for, if the deed be fraudulent, the purchase money must be postponed to the attacking debts. And the fact that the two sets of claims have been transferred to a single assignee makes no difference, as a bill filed for their enforcement necessarily raises a conflict between the rights of the assignors, which would render the suit multifarious and anomalous. The assignor of the purchase money would be compelled to take issue with his own assignee as to the question of fraud, and thus become,

in effect, both plaintiff and defendant; and the assignors of the attacking claims would be precisely in the same position as to the fraud alleged in their interest. Neither do the facts show that a fraudulent intent existed in the inception of the deed. The purchase-money notes which remain unpaid were signed by Fannie Menear, and they amount at the beginning of the suit to a sum in excess of the original amount to be paid, to wit, one thousand three hundred dollars. It is true, it is alleged that a cash payment of one hundred dollars was made by A. R. Menear; but this is more than counterbalanced by the accruing interest, for which the grantee is liable. Hence it is clear that the facts relied on do not sustain the charge of fraud alleged, and to this extent the bill is demurrable.

The bill further alleges that A. R. Menear improved the property, and, in doing so, incurred a debt of two hundred and five dollars to Oliver J. Fleming, for which Fannie Menear executed a note secured by a trust lien on the property, which note has been assigned to and is owned by plaintiff, and that such improvements were put on such property in fraud of plaintiff's rights. He thus again attacks himself for fraud. There is no allegation showing the money value of the improvements, or, indeed, that they exceeded the sum of two hundred and five dollars, for which Fannie Menear gave her note, and hence the bill is fatally defective in this respect. The facts alleged, if true, fail to show fraud or a gift sufficient to justify the interference of a court of equity. The bill is sufficient for the enforcement of the purchase money and the trust lien, but as to all other matters is demurrable. The circuit court should therefore have sustained the defendant Fannie Menear's demurrer to the extent indicated, and allowed the plaintiff to have amended his bill if he chose to do so, or to have a decree only for his purchase money and trust liens. *Morgan* v. *Morgan*, 42 W. Va. 542, (26 S. E. 294). It, however, overruled the demurrer, and proceeded on this bill to hold the deed to be fraudulent, null, and void as to all the debts of A. R. Menear, and yet decreed the purchase money to be the first lien in priority; thus, in effect, reaching a contradictory conclusion. For this reason, the decree complained of will be reversed, the demurrer to the

bill sustained to ᴛᴇ extent indicated, and this cause is remanded to the circuit court, with leave to the plaintiff to amend his bill if he wishes so to do, and, if not, to have a decree for his purchase money and trust lien, and to be further proceeded in according to the rules and principles of equity.

*Reversed.*