# CHARLESTON.

CHARLES CUNNINGHAM v. BIRCH RIVER LUMBER COMPANY
et als.

Submitted October 18, 1921.    Decided October 25, 1921.

1. JUSTICES OF THE PEACE—*Judgment Not Void for Recital That Claim was in Excess of Jurisdictional Amount Where Rendered for Less.*

   A judgment of a justice for less than three hundred dollars rendered upon a trial before such justice, in which there was no defense made, will not be held void for lack of jurisdiction because there is a recital that the plaintiff's claim was for an amount in excess of three hundred dollars.    It will be presumed that there were admitted off-sets which reduced the claim to the amount for which the judgment was rendered. (p. 331).

2. EVIDENCE—*Certified Transcript is Prima Facie Evidence of Judgment.*

   A transcript of the record of a judgment from the docket of a justice of the peace, certified as provided by law, is *prima facie* evidence of such judgment in any preceding where it becomes necessary to prove the same. (p. 332).

3. SAME—*Transcript of Judgment by Other Justice Must Show Him Successor of One Rendering Judgment or Having Lawful Custody of Docket.*

   Where the transcript of a justice's judgment is relied upon as proof of the same, and is certified by a justice other than the one who rendered the same, the certificate must show that the justice so signing it is  the successor of the one who rendered the judgment, or is the person having lawful custody of his docket, or these facts must appear from some competent evidence in the case. (p. 333).

4. CORPORATIONS—*Corporation's Answer Should be Signed by President with Corporate Seal Affixed.*

   The answer of a corporation should be signed by its president with its corporate seal affixed. (p. 334).

5. EQUITY—*Defendant Could Rely on Denial in Answer, Although Exception to Answer Should Not Have Been Overruled.*

   Where, in a suit brought to enforce a judgment of a justice, the defendant, a corporation, files an answer denying the existence of such judgment, to the filing of which the plaintiff objects and excepts because the same is not signed by the presi-

dent of such corporation, and does not have its corporate seal affixed thereto, which objection and exception is overruled and said answer filed, and a decree rendered in favor of the plaintiff establishing the validity of the alleged judgment without competent proof thereof, such decree cannot be upheld upon the ground that the court should have sustained the objection to the filing of said answer, and the exception thereto. The defendant filing such an answer under such circumstances may rely on the denial therein contained.  (p. 334).

6.  SAME—*On Sustaining Exception to Answer as Not Properly Authenticated, Leave Should be Given to File New Answer.*

Upon sustaining an exception to an answer because the same is not properly authenticated, leave should be given to file a new answer authenticated in the manner required by law. (p. 334).

7.  JUDGMENT—*Judgment Not Barred So Long as Right to Sue Out Scire Facias to Revive Same Remains.*

A judgment is barred by the Statute of Limitations, and not by the equitable doctrine of laches, and so long as the right to sue out an execution exists, or there is a right to sue out a *scire facias* to revive the same, the judgment is not barred. (p. 334).

8.  SAME—*Holder of Judgment Lien Subject to Vendor's Lien not Barred From Asserting Judgment Against the Judgment Debtor Because Not Setting up Same in Suit to Enforce Vendor's Lien.*

The holder of a judgment lien upon real estate, subsequent in time to a vendor's lien against the same, will not be barred from asserting such judgment against the judgment debtor because he did not set the same up in a suit to enforce the vendor's lien.  (p. 334).

9.  SAME—*Before Decreeing Sale in Creditor's Suit, Court Should Ascertain if Rents, Issues and Profits Will Not Pay Lien.*

In a lien creditor's suit, before decreeing a sale of the real estate of the defendant debtor, the court should ascertain that the rents, issues and profits will not pay off the liens against such real estate within five years.  (p. 335).

10.  SAME—*In Suit to Enforce Lien any Party Holding Lien May File Petition Without Being Made Formal Party.*

In a lien creditors' suit any party holding a lien upon the lands sought to be subjected may file a petition asserting such lien without being made a formal party to such suit, and he may do this for the purpose of showing that an apparent lien in his favor has been discharged.  (p. 336).

11.    SAME—*When Holder of Apparent Lien Files a Pleading in Lien Creditor's Suit, Averring Satisfaction, the Court Should Not Dismiss Him But Decree Satisfaction and Provide for Release.*

When the holder of an apparent lien against real estate, which is sought to be subjected to sale in satisfaction of the liens against it, files a pleading in such suit averring that the lien in his favor has been fully satisfied and discharged, the court should not dismiss such party from the suit, but should decree such lien satisfied and provide for the execution of a release thereof.    (p. 336).

12.    JUSTICES OF THE PEACE—*Judgment Not a Valid Lien Prior to Docketing in County Clerk's Office.*

A judgment of a justice is not a valid lien upon real estate conveyed by the judgment debtor to a bona fide purchaser prior to the docketing of such judgment in the office of the clerk of the county court in which such real estate lies.    (p. 337).

13.    JUDGMENT—*Entry of Judgment in Lien Docket in County Clerk's Office Must be Sufficiently Full and Accurate to Inform Intending Purchasers to Constitute Lien on Real Estate.*

The entry of a judgment upon the judgment lien docket in the office of the clerk of the county court must be sufficiently full and accurate to inform intending purchasers or other interested parties of the facts which it is essential for them to know, and such that a reasonably careful search in the particular quarter indicated will not fail to disclose the judgment.    (p. 338).

14.    SAME—*Clerical Error in Entry of Justice Court Judgment upon County Clerk's Lien Docket Will Not Render it Void Where Furnishing Sufficient Notice to Purchasers.*

A clerical error in the entry of a judgment upon the judgment lien docket in the office of the clerk of the county court, showing its rendition upon a date slightly different from the date of its actual rendition, will not render such docket entry void, where it appears that the matter contained in the entry upon the judgment lien docket is sufficient to fully inform an interested party of the facts necessary for his protection. (p. 338).

15.    SAME—*In Lien Creditor's Suit Where Plaintiff's Judgment is the Only Lien on Land, it is Proper to Decree Sale Without Referring to Commissioner to Audit Liens.*

Where, in a lien creditor's suit, it appears that the plaintiff's judgment is the only lien against the real estate, and

the amount thereof is clearly ascertainable from the proof introduced, it is not error to decree a sale of such real estate in satisfaction of such lien without referring the cause to a ommissioner to audit the liens.    (p. 338).

(MILLER, JUDGE, Absent).

Appeal from Circuit Court, Nicholas County.

Suit by Charles Cunningham against the Birch River Lumber Company and others to enforce a lien of a judgment. Decree for the plaintiff, and the defendant lumber company appeals.

*Reversed and remanded.*

*Alderson & Breckinridge,* for appellant.
*G. G. Duff* and *R. M. Cavendish,* for appellee.

RITZ, PRESIDENT:

This suit was brought for the purpose of enforcing the lien of an alleged judgment in favor of the plaintiff against the real estate of the defendant, Birch River Lumber Company, and from a decree granting the relief desired this appeal is prosecuted.

The bill as amended alleges that the plaintiff, on the 6th day of June, 1914, obtained a judgment against the defendant Birch River Lumber Company before a justice of the peace of Nicholas county, for the sum of $277.75, with interest and costs, which judgment was duly docketed in the office of the clerk of the county court of that county; that through some inadvertence the docket entry in the county clerk's office indicates that the judgment was rendered on the 4th day of March, 1916, instead of the 6th day of June, 1914; that upon discovering this error in the docket entry plaintiff caused the same to be corrected by docketing another abstract of the judgment in the county clerk's office. The bill also alleges that execution was duly sued out on the judgment in June, 1914, and that the same was returned, "no property found"; that the defendant was the owner of the minerals underlying a tract of 1030 acres of land situate

in Nicholas county upon which said judgment became a lien; that it appeared from the records of said county that the grantor of said defendant Lumber Company had a vendor's lien against the said real estate for a considerable sum of money, which in fact had been entirely paid off and discharged, for which reason said grantor should be required to release the same, and he was accordingly made party defendant to the bill; that the plaintiff's judgment is the only subsisting lien against said real estate. The defendant Lumber Company demurred to the bill, and upon the demurrer being overruled it filed an answer in which it denied that there was any such judgment as that set up and relied on in plaintiff's bill; that any judgment was ever rendered against it in favor of the plaintiff as described in plaintiff's bill; that process was ever served upon it in any such cause; and that execution had ever been issued and returned not satisfied upon any such judgment. The answer further asserted that even if there was such a judgment, the plaintiff was barred from asserting the same by laches; and, further, that any such question between the plaintiff and the said lumber company was *res judicata,* by reason of the final determination of another suit in which both the said plaintiff and the said lumber company were parties. The answer further alleged that the Lumber Company had purchased a tract of land of 1030 acres from one C. E. Mollohan who had reserved a lien as vendor in the deed conveying the same to the Lumber Company, and that in a deed made in settlement of the suit above referred to as being a bar to the plaintiff's right to recover, Mollohan agreed, in consideration of the conveyance to him of the surface of the 1030 acres of land, to pay all of the liens against the same, and asked the court to grant the relief, if the plaintiff was entitled to any, against Mollohan instead of against the defendant. The defendant Mollohan also filed an answer in which he averred that the purchase money notes secured by the vendor's lien had been transferred by him to sundry parties named in the answer, and that he did not know whether the same had been paid off or not. The answer of the Lumber Company was excepted to upon the ground that it was not properly execu-

ted, not being signed by the president or executed under the seal of the corporation. There was also filed by the plaintiff a special reply to this answer in which he asserted that the judgment relied upon in this suit was not involved in the suit referred to in the Lumber Company's answer, but was the result of a settlement had between him and the lumber company, by which the amount due him was ascertained to be $277.75, the amount of the judgment, which amount said Lumber Company agreed to pay, and advised the defendant that it was not necessary that the same be set up in said chancery suit; that the said judgment was obtained by him long after the said chancery suit was instituted, but while the same was pending. It does not appear that the court ever passed upon the exception of the plaintiff to the answer of the defendant Lumber Company, but treated such answer as sufficient. The defendant Lumber Company, at the time the final hearing of the cause was requested, moved for a continuance in order that it might have an opportunity to take testimony to support its answer. This motion was denied, and a final decree rendered in which the plaintiff's judgment was ascertained to be a valid and subsisting lien against the mineral interests owned by the defendant Lumber Company in the 1030 acres of land; further ascertaining that there were no other liens against said interest, for which reason a reference of the cause to a commissioner was unnecessary, and decreeing said interest to sale in satisfaction of said lien unless the same was paid within thirty days from the adjournment of the court.

The defendant in its assignment of errors contends that the circuit court erred in twenty-seven different particulars to its prejudice in the conduct of the cause. It first insists that it was error to overrule its demurrer to the plaintiff's bill as amended. This is based upon the fact that the transcript of the judgment filed as an exhibit with the bill shows that the plaintiff's claim was for $427.76, an amount in excess of the justice's jurisdiction. The transcript does not indicate for what amount the summons was issued. It does show upon its face, however, that the defendant made no appearance to the suit, and that the justice of the peace,

after hearing the plaintiff's evidence and trying the case *ex parte,* found that the plaintiff was entitled to recover $277.75, and rendered judgment for that sum. Can we say that the judgment is void because the plaintiff's claim is said to be for an amount in excess of the justice's jurisdiction? It appears that there was no defense made to the suit, and if plaintiff was really claiming $427.76 we cannot understand why he did not get a judgment for at least $300.-00, the amount of the justice's jurisdiction. There is no direct showing in the record that the suit was brought for more than $300.00, nor does it appear that the plaintiff claimed that he was entitled to recover more than $277.75. In fact, it may be said that.the contrary appears, for that is all that he did recover in a suit to which there was no defense. There is no presumption against the validity of a judgment of a justice of the peace, nor do we think the fact that the record recites that the plaintiff's claim was for $427.76 is enough to show that the justice was without jurisdiction. Undoubtedly there must have been offsets admitted by the plaintiff which reduced it to the amount for which judgment was actually rendered, which must have been for all that the plaintiff claimed upon the hearing.

The defendant Lumber Company also claims that the court erred in decreeing that the plaintiff had a valid judgment against it, for the reason that there was no competent proof of the same. Of course, the bill alleges that a judgment was rendered, and that the same is a valid and subsisting lien against the real estate of the Lumber Company, and there is exhibited what purports to be a transcript of this judgment from the docket of the justice of the peace. This allegation of the bill is denied. The answer says that no judgment was ever rendered against the defendant in favor of the plaintiff; that no process was ever served upon the defendant in any such suit; and that no execution was ever issued upon any such judgment and returned, as shown by said transcript. The transcript shows that the summons was returned duly executed, and it further shows that upon the rendition of the judgment an execution was issued and placed in the hands of a constable, and that the same was re-

turned, "no property found". If this transcript can be read as evidence in the cause, it shows *prima facie* that the plaintiff has such a judgment as he sets up and relies upon, which *prima facie* case might be rebutted as the recitals of a justice's docket are not conclusive. If, however, as contended by the defendant Lumber Company, the transcript cannot be read as evidence, there is no proof of the allegation of the bill that such a judgment exists, and the same being denied by the answer the plaintiff was not entitled to the decree entered in his favor. The objection of the defendant to the transcript of the judgment as evidence is based upon the fact that the certificate appended to the transcript purports to be made by one Peter C. Tinney, a justice of the peace of Nicholas county, on the 7th of January, 1919, while the judgment purports to have been rendered by A. M. Lewis, a justice of the peace of said county. The certificate of Tinney does not show that he is the successor of said Lewis as justice of the peace, or that he is the custodian of the docket of said justice of the peace, nor do either of these facts appear from any other evidence in the case. Section 182 of chapter 50 of the Code provides that whenever it is necessary to prove a judgment of a justice of the peace, the docket in which it is entered, or a transcript thereof certified by him, or his successor in office, or the person lawfully having the custody of the docket, shall be evidence of the same. There is no showing here that the party who certifies this judgment is the successor of the justice of the peace who rendered it, or is the proper custodian of the docket of said justice of the peace. In the case of *Jackson, Wiant & Co.* v. *Conrad,* 14 W. Va. 526, it was held that in order to make such a transcript evidence when certified by another than the justice of the peace who rendered the judgment, such certificate must show that such other was either the successor in office of the justice rendering the judgment, or is the person lawfully having the custody of such docket, or these facts must appear from some competent evidence in the case. In other words, it must be shown that the transcript comes from an authoritative source. Otherwise, it cannot be read as evidence. It follows that the plaintiff has

failed to prove by any competent evidence that he in fact has a judgment against the defendant Lumber Company. The plaintiff, however, seeks to avoid the effect of this lack of proof because his exception to the answer of the Lumber Company should have been sustained for the reason that the same was not executed by its president under its corporate seal. This exception was filed to the answer. It does not appear from the record that the court below ever passed upon it. It does appear, however, that he treated the answer as filed, and allowed the plaintiff to file a special reply in writing thereto, from which action it may be said that he in effect overruled the exception. It is quite true that the answer of a corporation should be executed on its behalf by its president, or one of its chief officers under its corporate seal. *Teter* v. *R. R. Co.,* 35 W. Va. 433. But can the plaintiff sustain his decree upon this failure of the defendant to so authenticate its answer? The court below treated the answer as in, and in effect overruled the exception. If he had sustained the exception to the answer, his duty would have been to give the defendant leave to have it properly authenticated, and all we can do now in passing upon this exception is to sustain the same and grant leave to the defendant to file an answer properly authenticated, if it desires to do so. The plaintiff could not be entitled to take a decree *pro confesso,* unless the defendant refused to tender a further answer after leave given for that purpose. It is similar to those cases where the court below erroneously overrules a demurrer to a pleading and grants relief not justified by the pleading. In such cases we have always held that this court upon reversing the decree granting the relief will give the plaintiff leave to file an amended pleading, instead of rendering a decree in favor of his adversary. *Billingsley* v. *Menear,* 44 W. Va. 651. We are, therefore, of opinion that the plaintiff's lack of proof to support his judgment cannot be dispensed with upon the theory that the court allowed the defendant to file an answer not properly authenticated. For the purpose of the decree entered by the court below, this answer was in the case.

The defendant also insists that plaintiff's lien is barred

by laches.  There is nothing in this contention.  The lien of a judgment is barred by the Statute of Limitations, and not by the equitable doctrine of laches, and so long as the right to sue out an execution exists, or there is a right to sue out a *scire facias* to revive the same, the judgment is not barred.  *Werdenbaugh* v. *Reid,* 20 W. Va. 588.

There is no more merit in the defendant's contention that the former suit set up and relied upon brought by Cox, et als., against the defendant Lumber Company is *res judicata* as to the plaintiff's judgment.  It is true the bill alleges that that was a general creditors' suit.  It further appears, however, from the bill that it was brought to enforce liens for purchase money against the land.  There is exhibited with the answer only the decree of reference, and it appears from this decree that the only liens which the commissioner was directed to report upon were the vendor's lien and certain liens claimed by a cross-bill filed in the case for manufacturing the lumber from the land.  If this decree of reference is justified by the pleadings, which are not made a part of this record, then it was no more than a suit to enforce the vendor's lien against the land, and the plaintiff was not required to set up his judgment in that case.  Of course, if there had been a surplus realized from a sale of the land in the suit brought to enforce the vendor's lien, it may be that the plaintiff here could have asked in that suit to have that surplus applied to the discharge of his subsequent judgment lien, but an arrangement was made by which the vendor's lien was paid off, as well as the costs of the suit, and the suit dismissed without any sale of the subject matter being had. While the plaintiff, under some circumstances, may have had his judgment lien enforced in that suit, it was not necessary that he do so, and unless it was actually brought into the pleadings the dismissal of that suit would in no wise affect the plaintiff's right to enforce his judgment in this suit. There is nothing in the record here which indicates that the judgment now sought to be enforced was in any wise involved in the suit relied upon as a bar.

It is further contended by the defendant Lumber Company that it was error for the court below to decree the land to

sale in the absence of a finding that the rents, issues and profits thereof would not pay off the plaintiff's lien and the costs of the suit in five years. There is no averment in the bill that the rents, issues and profits are not sufficient to discharge the liens within that time, nor is there any finding in the case to that effect. The statute controlling such proceedings requires that this be done, and inasmuch as this case must go back in order that the plaintiff may have an opportunity to prove his judgment by competent evidence, if he desires to do so, this defect can then be remedied.

The action of the court in not determining that the vendor's lien reserved in the deed from Mollohan to the defendant Lumber Company had been discharged, and in dismissing the holders of the vendors' lien notes from the suit, is assigned as error. It appears that when the defendant Mollohan filed his answer asserting that he had assigned certain of these notes to divers parties, whose names he gave in his answer, the plaintiff was given leave to amend his bill and bring in these holders of the notes as parties to the suit, and the cause was remanded to rules for that purpose. He did sue out process against these parties, but he did not file any amended bill. All of the parties appeared and filed answers asserting that the vendors' lien notes which had been assigned to them had been fully paid off and discharged. Upon this showing the court below did not decree the vendor's lien satisfied, and require or provide for the execution of a release of that lien, but simply dismissed these parties from the suit. In an ordinary chancery suit it is not only necessary to serve process upon a party to make him a defendant in a suit, but there must be some allegation in the bill against him upon which a prayer for relief is predicated, and as stated there is no allegation in the bill against these new parties. But this is a lien creditors' suit, and under the statute any one holding a lien of any kind may come in and file a petition, and in effect be made a party plaintiff, whether he has been theretofore a party to the suit or not. The answers of these several holders of vendors' lien notes may be treated as petitions by them. It appeared at that time that they were the holders of notes secured by a vendor's

lien unreleased upon the record, and it was proper for them to come into the case and assert that lien. It would likewise be proper for them to come in and assert that that lien had been discharged. The court should not have dismissed them from the suit, but should have entered a decree upon the showing made by their answers, treated as petitions, that the vendor's lien was discharged, and provided for a release of the same.

The defendant Lumber Company also insists that it was error for the court not to require the defendant Mollohan to pay any lien which the plaintiff might be found to be entitled to, because of the fact that it conveyed back the surface of this land to Mollohan in consideration that he satisfy certain liens. The defendant contends that he undertook to satisfy all of the liens upon the land at the time in consideration of this reconveyance of the surface to him. The deed reconveying the land to him appears in the record and shows that the only lien he agreed to pay off in consideration of the reconveyance was the vendor's lien. The plaintiff's lien set up in this case does not fall within that class, and there was, therefore, no error in not decreeing the same against Mollohan upon the showing made.

It is also insisted that it was error not to find that the plaintiff's judgment was a lien upon the whole of the 1030 acres of land, instead of simply upon the mineral interest of the defendant Lumber Company. This judgment was not docketed until March 15, 1916. The defendant Lumber Company reconveyed the surface of the land to Mollohan on the 10th of December, 1915. So far as Mollohan is concerned, as a purchaser of the surface of the land, the judgment was void at the time he made the purchase, and the court did not err in holding that it was a lien only upon the interest that the defendant Lumber Company owned in the land at the time the judgment was docketed. There is no showing that Mollohan had any actual notice of the judgment at the time he received the conveyance in December, 1915, and even if he did have such notice, the interest conveyed to him would not be liable to be sold to satisfy the lien until the interest retained by his grantor was exhausted.

The defendant also contends that the entry of the judgment in the judgment lien docket in the county clerk's office in June, 1916, was void, for the reason that the judgment was therein described as having been rendered in March, 1916, instead of in March, 1914. Is this error such as to invalidate the entry in the judgment lien docket? It is quite true that the entry in the judgment lien docket must be sufficiently full and accurate to inform intending purchasers or other interested parties of the facts which it is essential for them to know, and such that a reasonably careful search in the particular quarter indicated will not fail to disclose the judgment. 23 Cyc. 1354. Here the only error is the date of the judgment. The names of the parties are correctly given; the name of the justice of the peace before whom the judgment was rendered is correctly given; the amount of it; and all other data which could be of any service to one inquiring as to the validity of the judgment are correctly stated. There can be no doubt that anyone examining the judgment lien docket could easily have found this judgment from the data furnished thereby, and we are of opinion that the error in the date of the rendition of the judgment is not of such character as to render void the entry upon the judgment lien docket. The difference in time in the actual rendition of the judgment and the date given as the date of its rendition in the docket entry is not so great but that one instituting an inquiry upon the information contained in the judgment lien docket could easily have located the judgment in the office of the justice of the peace.

It is also insisted that the court erred in decreeing a sale of the land without first referring the cause to a commissioner to ascertain the liens against it. It appears from the court's decree that the plaintiff's judgment is the only valid subsisting lien against the real estate. Where this is the case the court need not make a reference to a commissioner to audit the liens, but may direct a sale of the lands if the pleadings and exhibits show clearly the amount due on the judgment set up in the bill. *Howard* v. *Stephenson,* 33 W. Va. 116.

It follows from what we have said that the decree of the

circuit court will be reversed, the exception of the plaintiff to the answer of the defendant Lumber Company sustained, and the cause remanded, with leave to the said defendant to properly authenticate its answer, if it desires to do so, and for further proceedings to be had in said cause, in accordance with the principles above enunciated.

*Reversed and remanded.*