JEAN VINSON THACKER *v.* VILAS THACKER

(No. 9348)

Submitted October 20, 1942. Decided November 24, 1942.

*J. M. Jordan* and *Wade H. Bronson,* for appellant.
*J. Floyd Harrison,* for appellee.

KENNA, JUDGE:

From a decree granting Jean Vinson Thacker an absolute divorce from Vilas Thacker, her husband, entered by the Circuit Court of Wayne County, the defendant

husband was granted this appeal, the basis of the decree being cruel and inhuman treatment.

This couple was married in 1916, and the meager record before us contains testimony of but one physical chastisement admittedly administered by the husband at supper time on June 5, 1941, after his return from work. There is no substantial difference between the accounts of plaintiff and defendant, the main difference in their attitude apparently being the divergent manner in which they were impressed by the same occurrence. We, therefore, regard it as unnecessary to outline more than a single version of what actually took place on this one occasion.

Manifestly, both the mother and father desired to provide for their four children as amply as the application of their entire means would permit. Thacker was employed by the Norfolk & Western Railway Company, and received monthly between $175.00 and $180.00. His statement that his earnings were spent in providing for the family is not contradicted, and apparently Mrs. Thacker was neither wasteful nor extravagant. Thacker did not approve of contracting an indebtedness of any sort. Mrs. Thacker had had charged to herself $6.93, the price of meats and groceries she had bought for home use, and a statement accompanied by a note requesting prompt settlement had, on June fifth, fallen into the hands of Thacker. The testimony of Mrs. Thacker is that she well knew her husband to be a man who was extremely irritable with a quick and violent temper. Having received this statement, he called his wife to the kitchen where he had gone to eat his evening meal, confronted her with it, demanding an explanation. When she admitted that she had purchased the articles represented by the amount charged, he struck her on the cheek with his open hand. The bill of complaint alleges that the blow was delivered with his closed fist, but Mrs. Thacker's testimony fails to sustain this allegation, and Thacker states definitely that it was the open hand. Mrs. Thacker states that when the blow was struck, she lost her footing, failed to support herself by grasping the open kitchen door and fell on the

back porch. Thacker does not deny this testimony, but states that he had left the kitchen if and when Mrs. Thacker fell. The boy, aged ten, saw his mother lying on the porch, went to the second floor where he so told his sister, who, with a visitor, went promptly to the porch and assisted Mrs. Thacker to the second floor where she lay on a couch awaiting an examination by a doctor who had by that time been summoned. There is printed in the record a brief written report from the attending physician who does not testify, which was admitted over objection and here must be disregarded due to the fact that its substantiation as admissible evidence is entirely lacking.

The related occurrences took place on Wednesday, June the fifth, and on the following Friday, Mrs. Thacker consulted counsel by whom she was advised to return to her home for the purpose of attempting to adjust her domestic difficulties. This she did, not informing Thacker of her tentative purpose, and, apparently, not altering the routine of her domestic duties, which included the planting of a garden, the explanation of Mrs. Thacker being that she had no money, no place to go, and wished to avoid neighborhood gossip. Within approximately ten days, evidently having reached the conclusion that her difficulties were incurable, Mrs. Thacker caused this proceeding to be instituted. We have attempted to state only the salient features which were developed by the quite brief testimony before us.

The appellant assigns two questions raised before the trial chancellor, in the decision of which he asserts reversible error was committed: (1) that a showing of one blow of the kind established under the admitted circumstances and not connected with any prior incidents nor subsequent happenings is insufficient to sustain a decree dissolving the bonds of matrimony; and (2) that whatever the legal result of his conduct on June fifth, Mrs. Thacker's conduct thereafter operated as a complete condonation, the effect of which was operative at the time the decree was entered.

We feel that it is unnecessary to more than refer to the admitted fact that the maintenance of human relation-

ships in the methods of regulated freedom that we are constantly willing to sacrifice much to preserve, has as its base what should be the inviolable relationship between husband and wife, made more impressive only when that of parent and child is added. We have kept hallowed that relationship through many chaotic disturbances, and it is never disrupted by the law. The law acts only when by the misconduct of either husband or wife it has ceased to exist. The law of this state from its inception has admitted of no different attitude. On the other hand, habitual, repeated or violent cruelty, or even its justified apprehension, is not to be tolerated under any circumstances. So, although this case comes to this Court with a paucity of proof from which conclusions can be drawn, we have no hesitancy in saying that the lack of proof, particularly in a proceeding of this nature, prevents the outcome being in favor of the party seeking to maintain the affirmative. There is no showing of severe bodily hurt, nor even of what is in some localities called "mental cruelty". A wife struck by her husband, particularly with a visitor in her home, is, of course, deeply humiliated, and variously affected according to her sensibility. Certainly, we do not wish to be understood as attempting to justify, or excuse, what is undoubtedly highly reprehensible conduct on the part of a person claiming manhood. We do think, however, that the assault herein shown resulted in neither what is called bodily hurt nor a justifiable apprehension of future injury.

Having concluded to reverse the decree complained of upon the first ground of assigned error, the second assignment does not arise.

*Reversed and remanded.*