C. E. McLaughlin v. Minnie McLaughlin

(No. 9484)

Submitted February 1, 1944. Decided February 15, 1944.

*Musgrave & Blessing,* for appellant.
*C. E. Copen,* for appellee.

Kenna, Judge:

C. E. McLaughlin brought this divorce proceeding against his wife Minnie McLaughlin, and from an absolute decree in his favor she appeals. The bill of complaint prays for an absolute divorce because of the wife's alleged cruel and inhuman treatment of the husband consisting of cursing and nagging and falsely accusing the plaintiff of improper relationships with other women, all of which became so unbearable that it rendered the plaintiff unfit to perform his usual duties as a laborer and made it necessary for him to leave his home in order to retain his employment. The sufficiency of the bill of complaint was not raised before the trial chancellor, and the assigned grounds of error relate to the effect given the evidence in dismissing the defendant's cross-bill and answer in which she sought an independent allowance

for her support and maintenance, and in granting the plaintiff the relief for which he prayed, the appellant asserting that the proof fails to establish any ground for an absolute decree.

Of course, in a divorce proceeding, since a decree cannot be entered upon a bill taken for confessed, it is the duty of the trial judge to consider the sufficiency of the evidence, even when that of the bill of complaint is not questioned. Therefore, we will consider only the matters passed upon in the court below.

C. E. McLaughlin and the defendant, Minnie McLaughlin, were married in Kanawha County on December 4, 1937. She had been divorced from her first husband a few years before and was about forty years of age. McLaughlin was a widower living with his two sons, Waldo, aged fifteen, and Albert, aged twenty, in a seven room story-and-a-half dwelling located in the unincorporated village of Red House, Putnam County, directly across the Kanawha River from Winfield, and situate upon approximately one acre of land. This home had been purchased jointly by McLaughlin and his former wife who had died intestate, so that at the time of his second marriage the property was owned in common by McLaughlin on the one hand, and his two sons on the other, subject to his dower interest in their half. After the marriage the couple began keeping house in McLaughlin's Red House home, where they were admittedly quite content for a period of at least six months at which time there seemed to develop an attitude of contrariety between Waldo McLaughlin and Mrs. McLaughlin. Many altercations arose, the intensity of which seemed to accumulate but did not become consequential until after Albert McLaughlin left the home at Red House early in the year 1940 for the purpose of going to live with McLaughlin's mother at Nitro, evidently an elderly woman who needed his care.

There is considerable detailed testimony by neighbors and others as to frequent arguments between husband and

wife accompanied by shouting and profanity, and of one occasion upon which McLaughlin was falsely berated for an improper interest in another woman. There is no proof to sustain the charge that McLaughlin suffered ill health or undue nervousness from the behavior of Mrs. Mc-Laughlin. To the contrary, medical testimony that counsel for the plaintiff stated to the Court he intended to offer to substantiate this allegation was not produced, and it is uncontradicted that McLaughlin was at all times a dependable, steady worker who provided well for his family according to the standards of the neighborhood in which they lived. The evidence does show that upon one occasion Mrs. McLaughlin and Waldo struck each other, and that upon another Mrs. McLaughlin caused the arrest of Albert and had him placed under a "peace bond". Contrasted with those occasions is the uncontradicted testimony that at the time of her marriage Mrs. McLaughlin had saved five hundred dollars, and that she spent that sum upon the support and maintenance of McLaughlin and of the two boys, by buying them clothing and articles for the home.

It was the theory of the complainant that Mrs. McLaughlin was the cause and instigator of repeated, violent quarrels between herself and husband, the accumulated effect of which over a period of three and one-half years was to seriously impair McLaughlin's health and earning power, thus amounting to what might be called indirect physical cruelty, arguing that this Court has sustained that as a ground of divorce in the cases of *White* v. *White,* 106 W. Va. 680, 146 S. E. 720, *Arnold* v. *Arnold,* 112 W. Va. 481, 164 S. E. 850, and in the case of *Goff* v. *Goff,* 60 W. Va. 9, 53 S. E. 769. We are of the opinion, without discussing the testimony, all of which has been carefully examined, in further detail, that the complainant has failed in his effort to make the required showing.

Mere incompatibility resulting in unhappiness is not a circumstance upon which a decree of divorce may rest.

*Reynolds* v. *Reynolds,* 68 W. Va. 15, 69 S. E. 381; *McKinney* v. *McKinney,* 77 W. Va. 58, 60, 87 S. E. 928. See also the discussion in the case of *Butler* v. *Butler,* 145 Va. 85, 133 S. E. 756. As stating the general rule that cruel and inhuman treatment as a ground for an absolute decree depends upon the circumstances of each particular case, see *Thacker* v. *Thacker,* 125 W. Va. 103, 23 S. E. 2d 64.

Having reached the conclusion that on the basis of the proof it was error for the trial judge to decree the complainant an absolute divorce, it becomes necessary to discuss the manner in which the defendant's cross-bill asking affirmative relief should be treated. The prayer of the cross-bill is that upon final submission complainant's bill be dismissed and that, should he refuse to return to his home and live with the defendant, she should be awarded a reasonable sum to be paid by the complainant to her for her support and maintenance. Complainant having left his wife and home without justification in the eyes of the law is obligated, if he can, to support and maintain her in the circumstances to which she was accustomed prior to their separation. Therefore, unless the offered reconciliation is effected, the trial judge should reinstate the cross-bill of Mrs. McLaughlin and enter a decree providing for Mrs. McLaughlin's support and maintenance by a sum of money to be regularly paid from the earnings of C. E. McLaughlin.

The decree of the Circuit Court of Putnam County complained of is reversed and the cause remanded with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded with directions.*