SOPHIA KORCZYK, *et al.*

*v.*

EMIL SOLONKA, *et al.*

(CC 720)

Submitted April 15, 1947.   Decided May 20, 1947.

*B. F. Howard,* for plaintiffs.

*Clay S. Crouse,* for defendants.

LOVINS, JUDGE:

The purpose of this suit, brought in the Circuit Court of Raleigh County by Sophia Korczyk, in behalf of her-

self, Frank Solonka, Steven Solonka, Helen Solonka, and Elsie Solonka, and all other lien creditors of Emil Solonka, against Emil Solonka and Jennie Solonka, is to subject the real and personal property of Emil Solonka to the satisfaction of a decretal judgment rendered by the Circuit Court of Logan County on July 29, 1929.

The suit arises in this manner: Sophia Korczyk and Emil Solonka were married in 1917. Four children were born of their marriage, namely, Frank, Steven, Helen and Elsie Solonka. Sophia Korczyk, then Sophia Solonka, instituted a suit for divorce against Emil Solonka in the Circuit Court of Logan County, and that court on the 29th day of July, 1929, pronounced a decree, awarding her a divorce from bed and board, granting her the sole custody and control of the children, decreeing that Emil Solonka pay to Sophia Solonka the sum of forty dollars a month for the maintenance of the above-mentioned children until the further order of the court, and adjudged costs against Emil Solonka in the sum of $80.75. The ages of the children at the time of the divorce were eight years, six years, four years, and seventeen months, respectively. At the time of the institution of this suit the ages of said children were twenty-four, twenty-two, twenty and eighteen years, respectively.

Emil Solonka made no payments of either the monthly sums decreed for the support and maintenance of his children or the court costs. Plaintiff alleges that since the divorce was awarded she has supported and educated the said children by her own efforts, and without the aid of said Emil Solonka; but she does not aver that she has actually expended the sum of forty dollars each month for the support of said children.

The unpaid installments of the decretal judgment entered by the Circuit Court of Logan County, calculated to October 1, 1945, amounts to $11,464.20, which evidently includes interest on said installments.

The plaintiff caused an execution to be issued upon said decretal judgment on the 21st day of October, 1945, which

was directed to and placed in the hands of the Sheriff of Raleigh County, who returned said execution "No property found out of which the within execution can be made." She obtained an abstract of the decretal judgment rendered by the Circuit Court of Logan County, and placed the same on record in the office of the Clerk of the County Court of Logan County, and on November 8, 1945, likewise caused said abstract to be recorded in the Judgment Lien Docket in the office of the Clerk of the County Court of Raleigh County.

Emil Solonka, at the time of the recordation of the aforesaid abstract of judgment, was, and, so far as is shown by the record, is now the owner of one tract of land and the surface of another tract of land situate in Raleigh County, West Virginia, and is the lessee of a building to be used as a dwelling house and for commercial purposes owned by Price Hill Colliery Company.

Emil Solonka is the owner of a restaurant and mercantile business conducted under the name of "The Spinning Wheel" at Cranberry, Raleigh County, in the name of his present wife, Jennie Solonka. Plaintiff asserts that the merchandise, fixtures, equipment and business of said Spinning Wheel are subject to the satisfaction of the said decretal judgment and the execution issued thereon.

This suit is brought by plaintiff on behalf of herself, her children, and all other lien creditors of said Emil Solonka. She prays that the liens may be ascertained and their priorities established; that the interest of Emil Solonka in the goods, wares, merchandise and business used in "The Spinning Wheel" be ascertained; and that the real estate and personal property, or so much thereof as may be necessary, be sold to pay off and discharge her lien.

The trial court sustained a demurrer to the bill of complaint and certified eight questions arising on the demurrer which, so far as pertinent, are substantially as follows: (1) Is the bill of complaint sufficient to justify granting the relief prayed for; (2) is the lien created by the decretal judgment rendered by the Circuit Court of Logan County

enforceable against the real estate of the defendant in this suit; (3) does the trial court have jurisdiction of this suit; (4) may the plaintiff maintain this suit in behalf of herself and her children, or should said children have been joined as parties plaintiff; (5) if this suit is otherwise maintainable, is it necessary to allege that plaintiff has expended $40.00 each month for the support and maintenance of her children; and (6) is the relief sought by the plaintiff barred by laches or the statute of limitations?

An examination of the bill of complaint in the instant case and the exhibits filed therewith discloses an inconsistency in that the bill alleges that plaintiff was granted a divorce by the Circuit Court of Raleigh County. But the exhibits filed with said bill clearly show that plaintiff instituted her suit for divorce in the Circuit Court of Logan County and prosecuted the same to a final decree in that county. We are not disposed to regard that inconsistency as material, and regard the exhibits as being correct and that the decree awarding payments to plaintiff for the support of her four children was pronounced by the Circuit Court of Logan County, West Virginia.

The first question above stated is inclusive of the other questions and an answer to questions 3, 4, 5 and 6 will partially answer that question. But the second question stated is implicit in question No. 1 and, therefore, we answer question No. 2 in the discussion immediately following.

The bill of complaint in the divorce suit contains no prayer for alimony as such, and the decree of divorce does not, in terms, grant plaintiff alimony. The installments of forty dollars a month decreed to plaintiff were designated as being for the maintenance of the four children of plaintiff and defendant.

Alimony has been variously defined, and in some instances it has been held that a court of equity possesses inherent power to decree alimony. *Reynolds* v. *Reynolds*, 68 W. Va. 15, 24, 69 S. E. 381; *Stewart* v. *Stewart*, 27 W. Va.

167, 172, 173. Moreover, the Legislature has specifically authorized a court of equity to make "* * * such further decree as it shall deem expedient, concerning the maintenance of the parties, or either of them; * * * concerning the care, custody, education and maintenance of the minor children; * * *. For the purpose of making effectual any order or decree provided for in this section the court may make any order or decree concerning the estate of the parties, or either of them, as it shall deem expedient." Code, 48-2-15.

It has been held that alimony arises from the legal obligation of the husband to maintain his wife in the manner suited to his means and social position. *Reynolds* v. *Reynolds, supra.* For other definitions of alimony and discussions of the power of courts to decree with reference thereto, see *Burdette* v. *Burdette,* 109 W. Va. 95, 99, 153 S. E. 150; *Norman* v. *Norman,* 88 W. Va. 640, 645, 107 S. E. 407; *Games* v. *Games,* 111 W. Va. 327, 161 S. E. 560; *Watson* v. *Watson,* 113 W. Va. 267, 168 S. E. 373.

In the case of *Elam* v. *Elam* (Va.), 29 S. E. 2d 222, 224, a distinction is implicitly made between alimony and money to be paid to the wife for the maintenance of the children. But for the purpose of answering the questions here certified, we do not think there is any rational basis for a distinction between alimony decreed to a wife to be paid in installments and sums decreed in the same manner to be paid the wife for the maintenance of the children. Therefore, the decisions of this Court with reference to alimony are determinative of the questions here considered.

Permanent alimony, payable in installments, is a personal decree and constitutes a lien upon the land of the husband. *Goff* v. *Goff,* 60 W. Va. 9, 53 S. E. 769; *Smith* v. *Smith,* 81 W. Va. 761, 95 S. E. 199. See Code, 38-3-6. In the absence of any means to enforce it, the real estate of the defendant, against whom alimony has been decreed, may be sold to satisfy the decree. *Foggin* v. *Furbee,* 89 W. Va. 170, 109 S. E. 754; *Gain* v. *Gerling,* 109 W. Va. 241, 153 S. E. 504; *Murray* v. *Price,* 114 W. Va. 425, 431, 172 S. E. 541;

*Duncan* v. *Duncan,* 119 W. Va. 471, 194 S. E. 433. If there is no fraud or other judicially cognizable and harmful circumstance in the procurement of a decree for alimony, accrued installments of alimony are vested, assignable and cannot be cancelled. *Biggs* v. *Biggs,* 117 W. Va. 471, 185 S. E. 857; *Harman* v. *Harman,* 120 W. Va. 199, 196 S. E. 361. In *Holcomb* v. *Holcomb,* 122 W. Va. 293, 8 S. E. 2d 889, this Court held: "Matured installments of permanent alimony stand as decretal judgments against the man charged therewith, and constitute a lien on his real estate under Code, 38-3-6, which makes every judgment for money a lien on the real estate of the debtor." It is further held in the *Holcomb* case that a suit in chancery may be maintained by the woman to enforce the lien of a decree as to matured and unpaid installments of alimony. Therefore, we hold that a suit will lie to enforce the lien of the unpaid and accrued installments awarded by the decree of the Circuit Court of Logan County.

The jurisdiction of the Circuit Court of Raleigh County is challenged by a demurrer. Viewing this case from the standpoint of enforcing the decree of the Circuit Court of Logan County by means of contempt proceedings in the Circuit Court of Raleigh County, that position may be well taken. But approaching it from the standpoint of enforcing the lien of the judgment, we think the Circuit Court of Raleigh County had jurisdiction, as the land sought to be subjected to the satisfaction of the judgment lien is located in Raleigh County. Code, 56-1-1.

There is another objection to the jurisdiction of the Circuit Court of Raleigh County, in that no proceeding was instituted by plaintiff in the Circuit Court of Logan County to determine the amount of money due and payable under the decree of divorce formerly entered by that court. We know of no statute or decided case in this jurisdiction requiring an ancillary proceeding to determine the amount of alimony due from a man to his former wife. A simple mathematical calculation will generally suffice to ascertain the amount due. Such action is administrative and would require no juristic determination.

It is true that prior to 1919 our statute of limitations on the issuance of an execution required that where an execution was issued more than two years but less than ten years from the date of the judgment, or prior execution, the same had to be issued on an order of the court for that purpose, which order was made only upon ten days' notice to the party against whom the execution was to be issued. See Section 10, Chapter 126, Acts of the Legislature, 1882. In the case of *State* v. *Brookover,* 38 W. Va. 141, 18 S. E. 476, this Court held that such a proceeding before the court which rendered the original judgment was mandatory. But Chapter 20, Acts of the Legislature, Regular Session, 1919, amended and reenacted that section so as to omit the prior requirement of notice to the adverse party and motion before the court. By necessary implication derived from the opinion in the case of *State* v. *Brookover, supra,* and derived from the enactment of Chapter 20, Acts of the Legislature, Regular Session, 1919, an execution may be issued by the clerk without ancillary proceedings or an order of the court. See Code, 38-4-5.

It is argued that, in the absence of an allegation in the bill of complaint that the execution was directed to the sheriff of the county where defendant resided, the Circuit Court of Raleigh County is without jurisdiction. In support thereof counsel calls our attention to the case of *Lewis* v. *Fisher,* 114 W. Va. 151, 171 S. E. 106. In that case the suit was brought within two years from the date of the judgment sued on, and for that reason we held that the return of an execution directed to the sheriff of the county wherein the debtor resided, showing no property found, was jurisdictional in a suit brought pursuant to Code, 38-3-9. However, in the case at bar it is clear that there are some enforceable installments which fell due more than two years prior to the issuance of the execution, thus coming within the terms of Code, 38-3-9, reading as follows: "Provided, That such lien may be enforced in equity without such return when an execution or fieri facias has not issued within two years from the date of the judgment." See *Guaranty Co.* v. *Eary,* 116 W. Va. 477,

181 S. E. 817. The Circuit Court of Raleigh County, having jurisdiction as to those installments, had jurisdiction as to all.

The Circuit Court of Logan County decreed that the sum of forty dollars a month be paid to plaintiff in this suit, for the maintenance of her children. The payments, having been decreed to have been paid to Sophia Korcyzk, she alone is entitled to recover. Nor can defendant now inquire into the question as to whether plaintiff actually expended the sums decreed to her for the purposes specified in the decree on which this suit is had. Consequently, the children of plaintiff and defendant have no interest in the result of this litigation. But the fact that the suit was brought in their behalf is not a ground for sustaining a demurrer as to Sophia Korcyzk, who is a proper party plaintiff.

A more serious objection to the suit arises upon the question as to whether this suit is barred by laches or the statute of limitations. We are aware that in other jurisdictions it has been held that laches will bar a suit of this character. But Code, 38-3-1, 2, provide that decrees for the payment of money shall have the same effect as a judgment. Enforcement of such decretal judgment can be barred by the statute of limitations, but its enforcement may not be barred by laches. *Cunningham* v. *Lumber Co.*, 89 W. Va. 326, 334, 109 S. E. 251; *Werdenbaugh Adm'r., et al.* v. *Reid, et al.*, 20 W. Va. 588.

Code, 38-3-18, provides for a ten-year statute of limitations on the enforcement of judgments. But it is well settled that, with exceptions not here applicable, a statute of limitations runs against and bars the remedy but does not run against or bar the right on which such remedy is predicated. In the instant case the decree was payable in monthly installments. As a necessary consequence thereof, no installment was due, payable or collectible prior to the time fixed by the decree for the payment thereof. Code, 38-3-2. Accordingly, the statute of limitations would not commence to run on a particular installment until the

same became due in accordance with the decree. *Simmons* v. *Simmons* (S. D.), 290 N. W. 319; *Marshall* v. *Marshall* (Md.), 163 A. 874, 877.

Moreover, it was held in *Rickard* v. *Schley*, 27 W. Va. 617, that a decree ordering the payment of a certain sum on a named future date has the effect of a stay of execution until that date. As such, the decree of the Circuit Court of Logan County would come within the specific provisions of Code, 38-3-19, excepting the time, in computing the ten-year statute of limitations, during which a judgment is suspended by the terms thereof, or by other legal process. The statute of limitations in the instant case operates as a bar to some of the installments, but does not operate as a bar to others.

. By so holding, we have answered the question certified to us. But as a necessary incident thereto, the further question arises to determine the installments constituting liens which are now enforceable. As hereinbefore indicated, the limitation provided by Code, 38-3-18, would not bar enforcement of the liens created by installments falling due within ten years immediately prior to the date of the institution of this suit. But can plaintiff enforce the liens for the additional installments falling due within ten years prior to the date on which the writ of execution was issued by the Clerk of the Circuit Court of Logan County? By the specific terms of Code, 38-3-18, the issuance of an execution operates to preserve the judgment, and the statute of limitations commences to run from the return date of the execution.

But counsel for defendant now challenge the validity of the execution issued on the decree by the Circuit Court of Logan County. As we have heretofore pointed out, such execution was properly issued by the Clerk of the Circuit Court of Logan County. The same was not attacked by motion to quash, or otherwise, before that court, and, in so far as the record here discloses, is regular upon its face. It has been held that until an execution is avoided, it must be regarded as valid and cannot be attacked in a collateral

suit. *Beale's Adm'r.* v. *Boutetourt,* 10 Gratt. 278; *Fulkerson* v. *Taylor* (Va.), 46 S. E. 309. But this Court has held that a voidable execution will not preserve the lien of a judgment which is barred at the time of its issuance by the statute of limitations. *Reilly* v. *Clark,* 31 W. Va. 571, 8 S. E. 509. However, the execution in this suit was issued at a time when only a part of the installments was barred and it saved from the bar of the statute all installments becoming due within ten years immediately prior to its issuance. Moreover, the execution was sufficient to create a lien on personal property in accordance with Code, 38-4-8. In the present state of the record we deem the execution issued by the Clerk of the Circuit Court of Logan County valid for the purposes hereinabove stated.

In accordance with the foregoing, the ruling of the Circuit Court of Raleigh County is reversed.

*Reversed.*