296 S.E.2d 348

**Theresa Carol BILLS**

v.

**Howard Allen BILLS.**

**No. 15473.**

Supreme Court of Appeals of West Virginia.

June 23, 1982.

Leo Catsonis, Charleston, for appellant.

Robert H. Burford, Huntington, for appellee.

PER CURIAM:

The appellant, Theresa Bills, appeals from a final order of the Circuit Court of Cabell County awarding the appellee, Howard Bills, custody of their infant child. The appellant contends the custody award was based upon an erroneous application of law and that the trial court erred in failing to make findings of fact and conclusions of law. We agree with the latter contention and remand the case to the circuit court with directions.

The appellant and the appellee were formerly husband and wife. The appellant filed for a divorce in 1980 alleging cruelty and seeking, *inter alia*, custody of their infant daughter. The appellee counterclaimed, alleging the appellant's cruelty and adultery as grounds for a divorce. He, too, sought custody of the child. Pursuant to hearings conducted September 4, 1980 and October 2, 1980, the circuit court granted the appellee a divorce and awarded him temporary custody of the child. The court reviewed the child custody award on January 12, 1981, and by order entered March 20, 1981, made this award permanent.

*Garska v. McCoy,* 167 W.Va. 59, 278 S.E.2d 357 (1981) is our leading case on initial custody determinations. In the second syllabus point we held that, "[w]ith reference to the custody of very young children, the law presumes that it is in the best interests of such children to be placed in the custody of their primary caretaker, if he or she is fit."

*Garska* requires the trial court to determine from the evidence which parent is the primary caretaker and whether that person is a fit parent. In the instant case, the parties presented conflicting testimony concerning both the primary caretaker and fitness issues.

It is conceded that the trial court made no findings of fact or conclusions of law on either of the controlling legal issues. Rule 52(a) of the West Virginia Rules of Civil Procedure requires trial courts to make findings of fact and conclusions of law. As pertinent here, the rule provides that, "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon...." We have previously held that:

"Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance." Syl. pt. 1, *Peoples Bank of Point Pleasant v. Pied Piper Retreat, Inc.,* 158 W.Va. 170, 209 S.E.2d 573 (1974), *quoting,* syl. pt. 1, *Commonwealth Tire Company v. Tri-State Tire Company,* 156 W.Va. 351, 193 S.E.2d 544 (1974).

*See, Spence v. Spence,* 167 W.Va. 704, 280 S.E.2d 307 (1981).

 Clearly, the trial court did not comply with the requirements of Rule 52(a). Without the necessary findings of fact and conclusions of law, we cannot meaningfully review the appellant's contention that the trial court erroneously applied the law with respect to its custody award. Accordingly, we remand this case to the Circuit Court of Cabell County for compliance with the requirements of *Garska v. McCoy* and Rule 52(a) of the West Virginia Rules of Civil Procedure.

For the foregoing reasons, this case is remanded.

Remanded.