315 S.E.2d 246

**Helen Elaine WITTE**

v.

**Henry Charles WITTE.**

No. 15979.

Supreme Court of Appeals of
West Virginia.

April 12, 1984.

Robert H. Burford, Beckett, Burford & James, Huntington, for appellant.

R.R. Fredeking, II, Fredeking & Fredeking, Huntington, for appellee.

McGRAW, Justice:

This is an appeal by Henry Charles Witte from a final decree of the Circuit Court of Cabell County, entered November 9, 1982, granting a divorce to Helen Elaine Witte on the ground of cruel and inhuman treatment. Mr. Witte contends that the finding of cruelty was not supported by the evidence or by proper findings of fact and conclusions of law. We agree, and we reverse the judgment of the circuit court.

At the time of the final hearing, Mr. and Mrs. Witte, then 63 and 58 years old, respectively, had been married for fourteen years. No children were born of this union, but Mrs. Witte had three sons from a previous marriage. At Mr. Witte's suggestion, Mrs. Witte had quit her job shortly after the marriage and moved into his home with two of her children, the younger of whom was 19 or 20 years old. These children lived with the Wittes for approximately two years. In 1969, Mrs. Witte suffered a nervous breakdown, which required frequent hospitalization until 1974. In 1978, Mr. Witte was forced to retire from his job due to the progression of multiple sclerosis, a degenerative disease of the central nervous system. At the time of the hearing, he was able to walk only with the use of two canes and used a wheel chair to move about indoors.

In April 1982 Mrs. Witte filed a petition for divorce on grounds of "extreme and repeated mental cruelty" by Mr. Witte and of irreconcilable differences. Mr. Witte responded, denying the allegations and requesting dismissal of the petition. The final hearing was conducted on September 9, 1982.

The basis of Mrs. Witte's complaint was that Mr. Witte harangued her about spending too much money, that he resented her children and refused to provide money for their clothing and college educations, and that his constant criticism of her spending habits, her children and her performance of household duties had led her to a state of continuous emotional upset and a fear for her safety which had rendered continued cohabitation unendurable. Mr. Witte admitted that he did not believe in spending money foolishly and that he had become more irritable since he had been disabled, but denied having harassed his wife about her expenditures or her children.

At the conclusion of the hearing, the circuit court found that "the defendant has been guilty of cruel and inhuman treatment of and towards the plaintiff." The final decree, entered November 9, 1982, awarded Mrs. Witte possession of the marital residence and alimony in the amount of one-half of Mr. Witte's monthly income. The order further provided for disposition of the parties' tangible personal property and for the restoration to Mrs. Witte of her former married name.

Mr. Witte contends that the evidence does not support the granting of a divorce on the ground of cruelty. W.Va.Code § 48–2–4(a) (1983 Cum.Supp.) provides that a divorce may be granted:

(4) For cruel and inhuman treatment by either party against the other, which includes reasonable apprehension of bodily harm, false accusation of adultery or homosexuality, *conduct or treatment which destroys or tends to destroy the mental or physical wellbeing, happiness and welfare of the other and render continued cohabitation unsafe or unendurable:* Provided, that under no circumstances shall it be necessary to allege or prove acts of physical violence

in order to establish cruel and inhuman treatment as a ground for divorce, (Emphasis added.)

What constitutes "cruel and inhuman treatment" under this section depends on the circumstances of each particular case. *McLaughlin v. McLaughlin*, 126 W.Va. 498, 29 S.E.2d 1 (1944); *Thacker v. Thacker*, 125 W.Va. 103, 23 S.E.2d 64 (1942). *See also Persinger v. Persinger*, 133 W.Va. 312, 56 S.E.2d 110 (1949). The burden is on the party alleging cruel and inhuman treatment to prove those allegations by a preponderance of the evidence. *See Lieberman v. Lieberman*, 142 W.Va. 716, 98 S.E.2d 275 (1957); *Smith v. Smith*, 125 W.Va. 489, 24 S.E.2d 902 (1943). As in all proceedings under W.Va.Code, § 48–2–4 a divorce on grounds of cruel and inhuman treatment will not be granted "on the uncorroborated testimony of the parties or either of them". W.Va.Code § 48–2–10 (1980 Replacement Vol.).

We do not think the evidence in this case demonstrates "cruel and inhuman treatment" of Mrs. Witte by Mr. Witte as would justify awarding her a divorce under W.Va. Code § 48–2–4. The corroborating testimony showed that Mr. Witte complained about the cost of Mrs. Witte's purchases; that to save money Mrs. Witte shopped for clothes at garage sales and flea markets, an activity which she herself admitted she considered a form of recreation; that Mr. Witte had complained that Mrs. Witte's sons were taking advantage of him; that Mrs. Witte was emotionally upset throughout the marriage; that there was an atmosphere of coldness and indifference in the home; that Mr. Witte was abrupt with his wife; and that Mrs. Witte feared her husband. However, none of the corroborating witnesses could testify that they had witnessed Mr. Witte threaten, maltreat or abuse his wife, either physically or verbally. There was no evidence that Mr. Witte was ever abusive towards Mrs. Witte's children, who, it should be noted, were adults at the time of the marriage, or that he denied his wife or her children any necessity or comfort during the marriage.

On the other hand, Mrs. Witte admitted that all property acquired during the marriage was owned jointly by the parties. She also admitted that Mr. Witte had caused all property which he held in his own name to be placed in joint ownership, had opted to take a decrease in his monthly pension benefits shortly before the divorce petition was filed in order that she might receive benefits in the event of his death, and had altered his will to provide for her sons. Mrs. Witte, on the other hand, had retained property she brought into the marriage in her own name. She confirmed that Mr. Witte had paid certain of her debts incurred prior to the marriage and had loaned money to her sons which had never been repaid. Finally, Mrs. Witte admitted, and the corroborating witnesses confirmed, that Mr. Witte provided food and shelter to her younger sons for several years and a temporary home for her children and their families during periods of financial or medical difficulties.

The uncontroverted evidence in this case shows, at most, that differing attitudes of the parties toward financial matters and Mr. Witte's responsibilities towards his stepchildren resulted in some degree of conflict which perhaps contributed to an atmosphere of coldness in the home. We do not question that such circumstances could damage or impair the domestic tranquility associated with a happy marriage. However, the corroborated testimony as to Mr. Witte's behavior does not present sufficient evidence of cruel or inhuman conduct which would justify the decree in this case. A divorce decree that lacks evidence to establish the ground upon which divorce was sought will be reversed on appeal. *Smith v. Smith*, 138 W.Va. 388, 76 S.E.2d 253 (1953); *Harbert v. Harbert*, 130 W.Va. 704, 45 S.E.2d 14 (1947). Consequently, we reverse the judgment of the circuit court.

We also note that the circuit court made no findings of fact or conclusions of law on the record other than the ultimate finding of cruel and inhuman treatment. We have repeatedly held that Rule 52(a) of the West Virginia Rules of Civil Procedure

requires a trial court in a divorce proceeding to state on the record findings of fact and conclusions of law which support its decision. A divorce decree which does not comply with this mandatory requirement may be remanded for compliance. *See Bills v. Bills,* 170 W.Va. 707, 296 S.E.2d 348 (1982); *Spence v. Spence,* 167 W.Va. 704, 280 S.E.2d 307 (1981); *Pierce v. Pierce,* 166 W.Va. 389, 274 S.E.2d 514. The circuit court's failure to make proper findings of fact and conclusions of law in this case is reversible error. On remand this deficiency should be corrected.

In summary, we conclude that there was insufficient evidence below to support the awarding of a divorce to Mrs. Witte on the ground of cruel and inhuman treatment. Accordingly, the final decree of the Circuit Court of Cabell County is reversed and the matter remanded to that court for such further proceedings as the parties and the court deem necessary.

Reversed and remanded.