331 S.E.2d 867

**Faye R. KEMP**

v.

**Richard H. KEMP.**

**No. 16446.**

Supreme Court of Appeals of
West Virginia.

Submitted April 30, 1985.
Decided June 12, 1985.

William A. Beckett, Beckett, Burford & James, Huntington, for appellant.

S. Benjamin Bryant and S. Robert Schaub, Huntington, for appellee.

PER CURIAM:

This is an appeal by Faye R. Kemp from a final divorce decree entered by the Circuit Court of Cabell County on December 2, 1983, granting the appellant a divorce on the grounds of irreconcilable differences. The appellant was awarded custody of the parties' infant child and jointly owned property, including the marital abode, an automobile, furniture and appliances. The appellee was ordered to pay $200 per month child support and $200 per month alimony, and to make the monthly mortgage payment on the jointly owned home.

■ The appellant-wife contends that the award of alimony is insufficient. Both parties agree, however, that the trial court failed to make findings of fact and conclusions of law, which failure necessitates a remand. The appellant urges this Court to establish guidelines or formulas in order to bring uniformity and fairness into the calculation of alimony awards.

At the divorce hearing on October 27, 1983, both appellant and appellee testified about their respective incomes and expenses. At the close of the hearing, the trial judge announced he would grant the divorce on the grounds of irreconcilable differences. He found that the appellant was entitled to alimony and set the amount at $200 per month. Child support was set at $200 per month, and the appellee was ordered to make the house payment, including taxes and insurance, amounting to $316. The final decree reflected these awards.

Under *W.Va.Code*, 48–2–16 [1969], in effect in 1983, a court determining the amount of alimony was required to consider, among other things, (1) the financial needs of the parties; (2) the earnings and earning ability of the husband and wife; (3) the estate, real and personal, and the extent thereof; as well as the income derived therefrom of both the husband and wife.*

■ There were no findings of fact either on the record of the hearing or in the final decree, with respect to any of these factors.

Rule 52(a) of the West Virginia Rules of Civil Procedure requires a trial court in a divorce proceeding to state on the record findings of fact and conclusions of law which support its decision. A divorce decree which does not comply with this mandatory requirement may be remanded for compliance.

Syl. pt. 3, 173 W.Va. 281, 315 S.E.2d 246 (1984).

■ With certain exceptions not pertinent here, the West Virginia Rules of Civil Procedure are applicable to divorce proceedings. *W.Va.R.Civ.P.*, Rule 81(a)(2). *See Ball v. Ball*, 154 W.Va. 739, 745, 179 S.E.2d 221, 226 (1971).

While the record in some cases is sufficient, despite the absence of findings, to enable disposition by the appellate court without a remand, *Prete v. Merchants Property Ins. Co.*, 159 W.Va. 508, 223

---

* *W.Va.Code*, 48–2–16 was amended in 1984, as part of an extensive revision of our domestic relations law. The 1984 amendments have no retroactive effect on awards of alimony. *W.Va. Code*, 48–2–36 [1984].

S.E.2d 441 (1976), the divorce action before us is not such a case. We are therefore unable to review the adequacy of the alimony award.

Accordingly, this case is remanded to the Circuit Court of Cabell County for further proceedings consistent with this opinion.

Remanded.