345 S.E.2d 18

**Karen E. BURGER**

v.

**Raymond P. BURGER.**

No. 16737.

Supreme Court of Appeals of
West Virginia.

June 4, 1986.

Raymond P. Burger, pro se.

Michael W. McGuane, Wheeling, for appellee.

McGRAW, Justice:

This appeal arises out of a civil proceeding in the Circuit Court of Ohio County, West Virginia. The appellee, Karen E. Burger, instituted the action in the circuit court, seeking a divorce from the appellant, Raymond P. Burger. The appellee also sought custody of the minor children of the parties, alimony and child support from the appellant, full possession and title to the jointly owned residence as well as equitable distribution of other marital assets of the

parties, and an award of her attorney fees and court costs incurred in the action. The appellant, by his pro se answer, agreed that a divorce should be granted to the parties upon the basis of irreconcilable differences. However, the appellant contested the appellee's claims relating to custody, alimony and support, distribution of assets, and attorney fees. Based upon the record and evidence adduced upon a final hearing in this matter, the circuit court issued its findings of fact, conclusions of law, and final order on July 23, 1984. This final order, which is the subject of this appeal, granted the parties a divorce based upon the stipulated grounds. Additionally, the circuit court granted custody of the minor children to the appellee, subject to the appellant's right of visitation as set forth in the order; ordered the appellant to pay monthly child support for the minor children according to a formula tied to his net income; awarded the appellee's attorney fees and court costs against the appellant; awarded the appellee the exclusive use of, but not full title to, the marital home; and provided for a division of marital property. No alimony was awarded.

The appellant, still pro se, petitioned this Court for appeal, which was granted on May 29, 1985. Thereafter, the appellant, citing undue financial burden if required to pay printing costs, filed with this Court a Motion for Leave to Move to Reverse, seeking to proceed upon the original record. This motion was granted and the case has been submitted upon such record. Unfortunately, this record does not contain transcripts of the evidentiary hearings below. The appellant had presented documentation of his financial inability to pay for such transcripts below, and requested that the circuit court waive the cost of preparation of the transcripts in view of his indigent status. The circuit court acknowledged his indigent status but maintained that State law does not provide for free transcripts for indigents in civil cases. We find the lower court's conclusion on this matter to be error. For this reason and others relating to the merits as addressed below, we reverse.

Relating to the court's final order below, the appellant maintains that the court erred in granting custody of the minor children to the appellee and in ordering child support to be paid by the appellant based upon a graduated formula tied to his net income. With respect to the grant of child custody, the circuit court's findings of fact merely recite the children's names and ages. There are no findings under the primary caretaker guidelines; nor is there any indication that other factors, such as parental preferences of the children, were taken into consideration.[1] Similarly, with respect to the order for child support, there is nothing in the court's findings to indicate that the mandatory considerations listed under West Virginia Code § 48–2–16 (Supp. 1985) were applied in this case.[2] The child

---

1. *See Garska v. McCoy,* 167 W.Va. 59, 278 S.E.2d 357 (W.Va.1981).

2. At the time of the court's order West Virginia Code § 48–2–16 (Supp.1984) provided, in relevant part, that:

(1) The length of time the parties were married;

(2) The period of time during the marriage when the parties actually lived together as husband and wife;

(3) The present employment income and other recurring earnings of each party from any source;

(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market and custodial responsibilities for children;

(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of section thirty-two [§ 48–2–32] of this article, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive alimony, child support or separate maintenance;

(6) The ages and the physical, mental and emotional condition of each party;

(7) The educational qualifications of each party;

(8) The likelihood that the party seeking alimony, child support or separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

support formula, *per se,* utilized by the trial court is not proper without relevant factors under the statute being taken into consideration.

■ In syllabus point 3 of *Witte v. Witte,* 173 W.Va. 281, 315 S.E.2d 246 (1984), this Court held that:

Rule 52(a) of the West Virginia Rules of Civil Procedure requires a trial court in a divorce proceeding to state on the record findings of fact and conclusions of law which support its decision. A divorce decree which does not comply with this mandatory requirement may be remanded for compliance.

*See also* Syl. pt., *Kemp v. Kemp,* 175 W.Va. 135, 331 S.E.2d 867 (1985).

■ As in *Witte,* the circuit court's failure to make proper findings of fact and conclusions of law is reversible error. Although trial courts have considerable discretion in determining child custody and support, effective review by this Court cannot be exercised unless the findings reflect the bases for the trial courts' conclusions. In some instances, the record is sufficient, despite the absence of findings, to permit adequate review without remand. Particularly in light of the absence of transcripts herein, this is not such a case.[3]

■ The attorney fee aspect of the order fails for essentially the same reason. The court perfunctorily ordered that the appellant pay the appellee's attorney fees of seven hundred dollars. In syllabus point 4 of *Aetna Casualty & Surety Company v.*

*Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986), we made clear that:

Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Such considerations must be weighed and made part of the record in divorce actions where attorney fees are awarded. *See Jones v. Jones,* 176 W.Va. 438, 345 S.E.2d 313 (1986). Upon remand, the fee award should be reconsidered in light of foregoing principles.

■ The appellant's remaining assignments of error relate to the division of marital property. First, the appellant contends that the circuit court abused its dis-

---

(9) The anticipated expense of obtaining the education and training described in subdivision (8) above;

(10) The costs of educating minor children;

(11) The costs of providing health care for each of the parties and their minor children;

(12) The tax consequences to each party;

(13) The extent to which it would be inappropriate for a party, because said party will be the custodian of a minor child or children, to seek employment outside the home;

(14) The financial need of each party;

(15) The legal obligations of each party to support himself or herself and to support any other person; and

(16) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of

alimony, child support or separate maintenance.

3. Relative to the custody question, the appellant contends that the portion of the circuit court's order delineating his visitation rights were inadequate in that the times specifically designated failed to include summer vacations, holidays or other special occasions. The order grants the right of "reasonable visitation," including certain specified times during each week and alternate weeks. These specified times are a minimum and do not limit the appellant's right to reasonable visitation at other times. If the appellant and appellee cannot come to reasonable terms on other times as they arise, then the remedy is to petition the circuit court for a modification regarding the visitation aspect of the order.

cretion in the division of the jointly-owned marital home. The court's order provides, in part, that:

> The marital dwelling is awarded to Karen E. Burger so long as she resides therein, ... and does not remarry. If she remarries or dies before Raymond P. Burger, or otherwise ceases to reside in the house, the house shall be sold and the proceeds divided equally. If the plaintiff is residing in the house at the time of the husband's death, she is awarded the defendant's share of the house and thus becomes the sole owner of the house.

Specifically, the appellant objects to that portion of the order which would award his undivided half of the marital dwelling to the appellee should he predecease her while she was still living in the house. The court's order does not explain why this one-sided survivorship provision was made, or why it was not made reciprocal.

Under West Virginia Code § 48–2–15(b)(4) (Supp.1985), incident to an award of alimony or child support, a court is authorized, independent of property division, to grant exclusive use and occupancy of the marital home to a party for a given period. Further, under equitable distribution principles, as set forth in *Larue v. Larue*, 172 W.Va. 158, 304 S.E.2d 312 (1983) and West Virginia Code § 48–2–1 *et seq.* (1980 Replacement Vol. & Supp. 1985), a court is empowered to divide marital property irrespective of nominal or actual title. Under these authorities, there appears to be no abuse of discretion in the dwelling award by the circuit court—except the provision challenged by the appellant. From the limited record before us we can see no basis for restricting the appellant's interest to his lifetime, particularly where the appellee's interest is not so conditioned. Without this condition upon the appellant's interest, even if he were to die while his former wife was in possession of the house, his estate would take his interest subject to her right of possession. Accordingly, we find the lopsided survivorship provision to be without justification.

Next, the appellant raises a number of specific exceptions to the court's division of the personal property of the marriage. We find nothing improper concerning the court's order except as it may affect "separate property"[4] of the appellant. As asserted by the appellant, the court's division appears to have precluded him from retrieving his own personal items from the marital dwelling. Upon remand, if such is the case, this should be remedied.

Finally, we make clear that the appellant was entitled, upon satisfactory proof of indigency, to transcripts of the hearings in this action, without charge. The statutory basis for an indigent's right to a transcript in a civil appeal is clear. Relating to civil suits, West Virginia Code § 59–2–1 (1966), provides that a "poor person," as defined therein, is entitled, "from all officers, all needful services and process ... without any fees to them therefor...."[5] Court reporters are undisputably court officers. West Virginia Code § 51–7–1 (1981 Replacement Vol.); *see also Mayle v. Ferguson*, 174 W.Va. 430, 327 S.E.2d 409 (1985); *State ex rel. Legg v. Boles*, 148 W.Va. 354, 135 S.E.2d 257 (1964). Accordingly, incident to the salary received from the State, a court reporter has an obligation to provide civil proceeding transcripts to indigents. If, following removal and entry of a new order, the appellant wishes a transcript for appeal purposes, upon proper proof that he is still an indigent he is entitled to such without cost.

The case is hereby reversed and remanded for entry of an order consistent with the principles set forth in this opinion.

Reversed and remanded.

---

4. *See* West Virginia Code § 48–2–1(d) (Supp. 1985).

5. Other jurisdictions have similar provisions. *See, e.g.,* N.Y. CPLR § 1101 (McKinney's 1976 & Supp.1986); Mo.Ann.Stat. § 514.040 (Vernon 1952).