408 S.E.2d 46

**DOTTIE S., Plaintiff Below, Appellant,**

v.

**CHRISTOPHER S., Defendant Below, Appellee.**

**No. 19684.**

Supreme Court of Appeals of West Virginia.

Submitted May 8, 1991.

Decided July 16, 1991.

---

James Paul Geary, II, Petersburg, for appellant.

Jerry D. Moore, Franklin, for appellee.

PER CURIAM:

This is an appeal by Dottie S. from an order of the Circuit Court of Grant County awarding custody of her infant daughter to the child's paternal grandparents. On appeal, the appellant claims that the trial court erred in finding that she was an unfit parent to have permanent custody of the child, and she also claims that the court erred in awarding custody to the grandparents without making a finding that both natural parents were unfit. After reviewing the record and the questions presented, this Court believes that the record is inadequately developed for a fair determination of the merits of the appellant's claims. The Court also believes that, regardless of whether the appellant is entitled to custody of the child, she has been afforded inadequate visitation rights. The judgment of the circuit court is, therefore, reversed, and this case is remanded for further development.

On July 17, 1987, the appellant filed a complaint in the Circuit Court of Grant County praying for a divorce from her husband, Christopher S., and praying for custody of her four-year-old daughter, Tonya S. Christopher S. filed an answer and counterclaim in which he alleged that the appellant had been guilty of adultery and cruel and inhuman treatment and that she was not a fit person to have custody of the child.

On August 28, 1987, a hearing was held to determine certain preliminary questions. At the conclusion of that hearing, the court placed legal custody of the parties' child with the Department of Human Services and placed physical custody with the appellant during the week and with Christopher S. on weekends. The arrangement involving Christopher S. was later modified when it was alleged that he had committed acts of child abuse.

The general issues in the case were presented to a family law master at a hearing on May 31, 1988. In the course of that hearing, it was alleged that the appellant had been involved in an incestuous relationship with a person alleged to be her half-brother, Ed V.M., and that the relationship rendered her an unfit parent to have custody of her infant child. The appellant, who had not met Ed V.M. until she was an adult, and who apparently was unaware of the alleged familial relationship until after she knew him, denied any sort of improper or sexual relationship. Other witnesses, however, testified that they had observed the appellant kissing Ed V.M. and that he had been observed outside the appellant's trailer without a shirt and with pants unzipped and hanging on his hips.

Further evidence indicated that the appellant, except for her possible involvement with Ed V.M., had been a good mother. There was also evidence suggesting that the appellant had been the primary caretaker.

At the conclusion of the hearing, the family law master found that both the appellant and her husband had provided primary caretaker functions for the child, but between the two, the appellant had been the primary caretaker. The master also found that the appellant was a fit and proper person to have custody of the child, except for the relationship with Ed V.M. He found that that relationship was unacceptable, and specifically indicated that his finding that the appellant was a fit and proper person to have custody was predicated upon Ed V.M. ceasing to cohabit with the appellant.

Exceptions were taken to the family law master's conclusions, and the Circuit Court of Grant County took the questions raised under advisement. On September 12, 1988, the court concluded that the appellant's relationship with Ed V.M. was, in fact, incestuous, and that because of it the appellant was not a fit or proper person to have custody of the child, and that it was in the best interest of the child that custody be awarded to the paternal grandparents.

The appellant filed a motion for reconsideration wherein she alleged that there was newly discovered evidence that would show

that Ed V.M. was not her half-brother. By order dated October 25, 1988, the parties were granted a divorce, but the trial court refused to alter the decision regarding custody.

In the present proceeding, the appellant's first contention is that the trial court erred in awarding custody of the infant child to the paternal grandparents without making a finding that both natural parents were unfit.

■ This Court consistently recognized that:

> A parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, abandonment or other dereliction of duty, or has waived such right, or by agreement or otherwise has transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts.

Syllabus, *Whiteman v. Robinson*, 145 W.Va. 685, 116 S.E.2d 691 (1960). *See also In re Custody of Cottrill*, 176 W.Va. 529, 346 S.E.2d 47 (1986); *Ford v. Ford*, 172 W.Va. 25, 303 S.E.2d 253 (1983); *Hatfield v. Hatfield*, 171 W.Va. 463, 300 S.E.2d 104 (1983); *Leach v. Bright*, 165 W.Va. 636, 270 S.E.2d 793 (1980); *Hammack v. Wise*, 158 W.Va. 343, 211 S.E.2d 118 (1975); *State ex rel. Kiger v. Hancock*, 153 W.Va. 404, 168 S.E.2d 798 (1969).

■ In *J.B. v. A.B.*, 161 W.Va. 332, 242 S.E.2d 248 (1978), the Court considered the question of what constitutes fitness bearing on the right of a parent to have custody of his or her child. In syllabus point 4 of that case, the Court specifically ruled that:

> Acts of sexual misconduct by a mother, albeit wrongs against an innocent spouse, may not be considered as evidence going to the fitness of the mother for child custody unless her conduct is so aggravated, given contemporary moral standards, that reasonable men would find that her immorality, *per se*, warranted a finding of unfitness because of the deleterious effect upon the child of being

raised by a mother with such a defective character.

In that same case, the Court stated that it is obvious that a mother must be willing to offer the type of closeness and physical contact which the Court assumes on the part of mothers. Where a mother is emotionally unsupportive, fails to provide routine cleanliness, fails to prepare nourishing food, or otherwise demonstrates her unfitness, the presumption will not apply.

■ This Court believes that in the present case, as indicated in *J.B. v. A.B.*, the focus of the fitness question should be whether the appellant is emotionally supportive, provides cleanliness, prepares nourishing food, and is generally willing and able to promote the emotional and physical welfare of a child. As indicated in *J.B. v. A.B.*, mere sexual misconduct which does not impact upon the appellant's willingness or ability to be emotionally and physically supportive of the child does not constitute unfitness to have custody of the child.

There is substantial evidence that the appellant has been the primary caretaker of Tonya S. and that she has taken relatively good care of the child's emotional and physical needs. Apparently the court's principal reason for denying the appellant custody of the child was the court's conclusion that the appellant was involved in a sexual relationship with Ed V.M., the appellant's purported half-brother.

Since the hearing before the family law master, evidence has surfaced which suggests that Ed V.M. is not, in fact, the appellant's half-brother. There is also evidence that the appellant has moved her residence and has distanced herself somewhat from him.

■ After carefully reviewing the record, this Court finds that, while the evidence suggests that the appellant might have been involved sexually with an Ed V.M., the record is unclear as to whether Ed V.M. is or is not the appellant's half-brother. The record is also incomplete in that it fails to show the effect of the appellant's purported relationship with Ed V.M. on her fitness as a parent. It, in effect,

fails to resolve the question of whether the relationship has had an impact on the appellant's ability to provide for the physical needs of the child and to be emotionally supportive of the child. Additionally, the Court believes that the record has not been adequately developed as to the capacity of the child's grandparents, who were awarded custody of the child, to provide for the physical and emotional needs of the child.

This Court, on a number of occasions, has indicated that, where a record is inadequate for this Court to assess questions raised on appeal, it is appropriate that a case be remanded for further development. *See, e.g., Burger v. Burger,* 176 W.Va. 416, 345 S.E.2d 18 (1986); *Kemp v. Kemp,* 175 W.Va. 135, 331 S.E.2d 867 (1985); *Dierkes v. Dierkes,* 165 W.Va. 425, 268 S.E.2d 142 (1980).

Given the nature of the record in the present case, this Court believes that remand is appropriate and that the judgment of the circuit court should be reversed so that the evidence may be more fully developed as to the relationship of the appellant with Ed V.M.; as to whether the relationship is on-going; as to what the appellant's current status is; as to the current status of the grandparents; and as to the home environment and care which the grandparents, as well as the appellant, are able to provide to Tonya S.

The Court notes that prior to entry of the circuit court's order, the infant child, Tonya S., was in the custody and care of the appellant, her mother, and that the child had developed a close relationship with the mother. Apparently since the court's order the appellant has had only very limited visitation rights.

In *J.M.S. v. H.A.,* 161 W.Va. 433, 242 S.E.2d 696 (1978), the Court indicated that the right of a natural parent to visit with a child who is in the legal custody of another party is closely related to the question of custody. The Court also indicated that, in defining a parent's right to visitation, a court is charged with giving paramount consideration to the welfare of the child involved. *See also St. Clair v. St. Clair,* 166 W.Va. 173, 273 S.E.2d 352 (1980).

█ This Court believes that, absent some showing of unfitness on the part of the appellant which would clearly negatively impact on the welfare of the child, severe limitations should not have been placed on the appellant's visitation rights in the present case and that, even if the record had supported a finding of unfitness, the court should have awarded the appellant much more extensive visitation privileges. In this Court's view, the limitations imposed by the trial court materially impact upon the relationship of the child to the appellant and tend to destroy the emotional bond forged throughout the child's early life with the appellant. Under the circumstances, this Court believes that the trial court abused its discretion in granting the appellant only very limited visitation privileges and that much more extensive visitation should be allowed the appellant pending the resolution of the final custody question.

For the reasons set forth herein, the judgment of the Circuit Court of Grant County is reversed, and this case is remanded with directions that the court conduct further proceedings to determine with some certainty whether Ed V.M. is or is not the appellant's half-brother and to determine whether the appellant is engaged in some on going relationship with Ed V.M. or whether the relationship was a short-lived matter. The court should also develop evidence as to the potential present effect of the appellant's relationship on the infant child, Tonya S., and as to the effect of the relationship upon the appellant's ability to extend emotional and physical support to the child. The court should further develop facts relating to the grandparents' fitness to provide for the child. While such development is proceeding, the trial court should afford the appellant extensive visitation privileges. Upon completion of the record, the trial court should reconsider the questions presented and redetermine the custody questions involved in this matter.

Reversed and remanded with directions.